## A. H. WHITE v. E. S. SHUMATE.

1. APPEAL FROM JUSTICE'S COURT — AFFIDAVIT. — The omission of the word " delay " in an affidavit for appeal, sued out within the time prescribed by statute, cannot defeat the object and purpose of the appeal, which is, in the language of the affidavit, that justice may be done.

2. SAME — AMENDMENT THEREOF. — Where an affidavit for an appeal does not substantially comply with the statute — the court upon application should allow the party to amend it, provided the application to amend is made within a reasonable time.

ERROR to the Circuit Court of Lauderdale County.   Hon. ROBERT LEACHMAN, Judge.

This was an action of assumpsit by Shumate against White, before Wilcox, mayor of Meridian, and *ex officio* justice of the peace.   The summons issued on the 20th day of March, 1873, in the usual form — the cause of action is described as defendant's promissory note due and payable by the 1st of December, 1872, for $131 04-100, dated May 18, 1872, with interest from the 13th of January, 1872.   The note is substantially as described by indorsement on the summons; but is payable to J. M. Shumate or bearer

Defendant appeared and filed offset against J. M. Shumate, the payee, for $25.25.

The justice gave judgment for $108.39.

The justice's record is certified by the J. P.

The affidavit of White, the defendant, was made on the 26th of April, 1873; the substance of the affidavit is in these words: " The appeal prayed in the above stated case is not made to vex, harrass or oppress the said plaintiff, but that justice may be done."

The appeal bond is in the statutory penalty and form and the condition shows that the judgment was rendered on the 23d of April, 1873.

The bond was approved and appeal granted by J. P. on the 28th of April, 1873.

A motion to dismiss the appeal was made and entered on the motion docket, and judgment sustaining the motion entered at the May term, 1873, of the circuit court.

The bill of exceptions sets out the motion to dismiss the appeal for want of a sufficient affidavit.

On the hearing of the motion the defendant's counsel read to the court, as evidence, the affidavit, which is set out in the bill of exceptions, and the same which is contained in the record, and was returned by the J. P. with the transcript and original papers. Pending the argument of the motion, defendant's counsel asked leave to amend the affidavit instanter.   The motion was sustained,

and the appeal dismissed, and a *procedendo* awarded to the J. P. The defendant's counsel excepted at the time to the judgment of the court in refusing to allow the affidavit to be amended, to the sustaining the resolution to dismiss the appeal and the judgment of the court ordering a *procedendo*, which bill of exceptions was signed by the court.

The writ of error was prayed by the defendant.

The assignment of errors is as follows : ·

1. The court erred in sustaining the motion of the plaintiffs in the court below.

2. The court erred in not allowing plaintiff in error to amend the affidavit.

3. The court erred in dismissing the appeal and ordering a *procedendo* to the justice of the peace.

*W. W. Steele*, for plaintiff in error :

The only question is, as to the correctness of the judgment of the circuit court, in sustaining the motion to dismiss the appeal, for want of a sufficient affidavit.    On a technical construction of the statute, the affidavit is sufficient.    It contains every substantive word in the statute.    Code, 1871, § 1332.    But the question is decided by this court in Lundy & Brown v. Clark, No. 860, ms. opinion, 9th February, 1874.    It is there held that the statute must be liberally construed, that the affidavit did not have either the words " vex," " harass " or "oppress."

*Smith & Fewell*, for defendant in error.

Reporters find no brief for defendant in error, in the record.


PEYTON, C. J., delivered the opinion of the court :

This is a writ of error from a judgment of the circuit court, dismissing an appeal from the judgment of a justice of the peace for the want of a sufficient and proper affidavit.

It appears to be conceded that the appeal was demanded and bond given within the time prescribed by section 1332 of the revised code of 1871, but the affidavit filed states that the appeal

is not made to vex, harass or oppress the plaintiff, but that justice may be done, omitting the word " delay." We think this is a sufficient and substantial compliance with the statute. The statement in the affidavit that the appeal was taken " that justice may be done," negatives the idea that it was taken for delay, and is equivalent in intendment and effect to saying that the appeal was not made for delay.

The omission of the word " delay " ought not to be permitted to defeat the object and purpose of the appeal, which is, in the language of the affidavit, that justice may be done.

But even if the affidavit had not been a substantial compliance with the statute, the court erred in refusing the application to amend it. For, under our statutes, amendments are very liberally allowed, and they cannot be assigned as error, unless manifest injury has been done. But whilst it is the duty of the court to allow amendments on liberal terms, for the purpose of reaching the merits of the controversy, the parties desiring amendments are not to be excused from exercising proper diligence in bringing and preparing their suits for trial. In this case the application to amend was made in time and should have been granted.

For these reasons, the judgment must be reversed and the cause remanded.