MARY E. WALLER ET AL. *v.* J. J. SHANNON.

1. CHANCERY. *Bill. When sworn to.*
    A bill by a judgment creditor to vacate fraudulent conveyances and subject realty to the lien of the judgment need not be sworn to.

2. SAME. *Bill sworn to by solicitor. Form of affidavit.*
    Where a bill in chancery is required to be verified by affidavit, the solicitor of the complainant may make the oath (§ 687, Code). But if made by the solicitor, the affidavit must be special, setting forth whether the statements made on information and belief are on the information and belief of the complainant or of the solicitor, and those things stated as within the knowledge of the affiant must be within the knowledge of the solicitor.

3. SAME. *Effect of affidavit by solicitor.*
    A bill sworn to by a solicitor will not overthrow the denials of the answer, unless supported by two witnesses, or one witness and corroborating circumstances.

4. SAME. *Multifariousness.*
    On the same day an insolvent debtor conveyed a parcel of land to his father-in-law and another to his son, both of whom, after holding a short time, conveyed to the debtor's wife, and one piece of the land the wife thereafter conveyed to a sister-in-law, who took with notice. *Held*, a bill seeking to subject both pieces of land, and making all the vendors and vendees parties, is not multifarious. Story's Eq. Pl. § 271 *a*.

APPEAL from the Chancery Court of Chicasaw County.

Hon. WILLIAM D. FRAZEE, Chancellor.

*Tucker, Harper & Buchanan*, for the appellants.

1. We submit that this affidavit by the solicitor in the case is not sufficient. *Bank of Orleans* v. *Skinner*, 9 Paige Ch. 305; 1 Daniell's Ch. Pr. 399, and notes.

2. The bill is multifarious. Story Eq. Pl. 271; Daniell's Ch. Pr. 451; *Jones* v. *Foster*, 50 Miss. 51.

*J. N. Carlisle*, for the appellee.

1. No affidavit was necessary to the bill. Code 1871, §§ 1015, 1043.

2. If required, the affidavit by the solicitor was sufficient. Code 1871, § 687.

3. The bill is not multifarious. *McGowan* v. *McGowan*, 48 Miss. 553; Story Eq. Pl. § 271 *a*.

CHALMERS, J., delivered the opinion of the court.

A bill filed by a judgment creditor to vacate fraudulent conveyances and subject the realty to the lien of his judgment was demurred to, on the ground that it was sworn to by the solicitor instead of by the complainant in person. There is no law which requires such a bill to be sworn to at all, and hence the verification by affidavit of the wrong person could make no difference. If it was a bill to which an affidavit was necessary, it could be made by the solicitor, under § 687 of the Code; but in that event the affidavit must be special, setting forth whether the statements made on information and belief relate to the information and belief of the complainant or of the solicitor, and those things, stated as being within the knowledge of the affiant, must be within the knowledge of the solicitor. Even when so drawn it will not overthrow the denials of the answer, unless supported by two witnesses, or one witness and corroborating circumstances. *Jacks* v. *Bridewell*, 51 Miss. 882.

It was also objected by the demurrant that the bill was multifarious.

The allegations showed that on the same day the insolvent debtor conveyed two separate parcels of land, one to his father-in-law and the other to his son, both of whom after

holding for a short time conveyed to the wife of the insolvent grantor. One piece of the land was thereafter conveyed by the wife to a sister-in-law, who it was alleged had full notice of the contemplated fraud.

The bill sought to subject both pieces of the land, and made all the vendors and vendees defendants. The sister-in-law demurred for multifariousness, because she was compelled to litigate about one piece of land, with which she had no concern, claiming that separate bills should have been filed as to each tract. The demurrer is not well taken. " It is not indispensable that all the parties should have an interest in all the matters contained in the suit: it will be sufficient if each party has an interest in some matters in the suit, and they are connected with the others." Story Eq. Pl. § 271 a.

If the complainant claims under one title, he may join several defendants who claim separate parcels of the estate, under separate and distinct purchases. McGowan v. McGowan, 48 Miss. 553; Gaines v. Chew, 2 How. (U. S.) 602.

The decree overruling the demurrer is affirmed, and the defendants ordered to answer in sixty days.