### W. H. COPPOCK *v.* J. T. SMITH.

1. AFFIDAVIT FOR APPEAL. *Contents.*
    An affidavit for appeal from a Justice's to the Circuit Court is sufficient, if it alleges that the appeal is prosecuted in order that justice may be done, although it fails to state that it is not taken for delay.

2. SAME. *Signature.*
    No signature is necessary to such affidavit; and, if it recites on its face that the litigant appeared and swore, it is not defective because his name is signed by attorney.

3. SAME. *By attorney.*
    Such affidavit may be made by an agent or attorney, but it must be personal, — the act of the party making it, — since one cannot swear for another. *Waller* v. *Shannon*, 53 Miss. 500, cited.

ERROR to the Circuit Court of Rankin County.

Hon. W. M. HANCOCK, Judge.

*John D. Freeman*, for the plaintiff in error.

The attorney could make the affidavit, *Waller* v. *Shannon*, 53 Miss. 500; and the omission of the words "for delay" could not defeat the appeal, since the language used is a substantial compliance with the statute. Code 1871, § 1332; *White* v. *Shumate*, 50 Miss. 130.

*Harris & George*, for the defendant in error.

1. One cannot make affidavit, by attorney; vicarious swearing is not allowable. *Miller* v. *McDougall*, 44 Miss. 682; *Waller* v. *Shannon*, 53 Miss. 500.

2. In the absence of the facts on which the court below acted, in sustaining the motion to dismiss the appeal, this court will presume its decision correct. *Doty* v. *Lucas*, 43 Miss. 337; *Pass* v. *McRea*, 36 Miss. 143; *Steadman* v. *Holman*, 33 Miss. 550; *Wells* v. *Smith*, 44 Miss. 296; *Effinger* v. *Richards*, 35 Miss. 540; *Smith* v. *Hurd*, 8 S. & M. 682; *Halsey* v. *Norton*, 45 Miss. 703.

*J. Z. George*, on the same side, argued orally.

Chalmers, J., delivered the opinion of the court.

The appeal from the Justice's Court was dismissed on motion in the Circuit Court, because of a supposed insufficiency in the affidavit for appeal. The affidavit does not allege that the appeal was not taken "for delay," but does allege that it was prosecuted in order that "justice may be done." Code 1871, § 1332. This was held sufficient in *White* v. *Shumate*, 50 Miss. 130.

It is insisted that the affidavit is defective because made by the attorney, and not by the litigant. This is a mistake. The affidavit recites upon its face that the litigant (W. H. Coppock) appeared and swore. It is signed "W. H. Coppock, by H. R. Ware, Att'y." No signature was necessary. *Utile per inutile non vitiatur.* Neither is it true, as a legal proposition, that an affidavit for an appeal cannot be made by an agent or attorney. If in such case the agent acts in accordance with instructions from his principal, he states, upon information and belief, the motive of the principal in praying for the appeal. If the agent acting for the principal invokes the appeal upon his own responsibility, it is his own motive in so doing that is the subject of affirmation. In either event, it would be sufficient to state that the appeal is not prayed to "vex, harrass or oppress." The affidavit, however, must be personal; that is to say, it must be the act of the person making it. One man cannot swear for another. *Waller* v. *Shannon*, 53 Miss. 500.

*Judgment reversed and cause remanded.*