### E. W. BURKS ET AL. v. PARMELIA BURKS ET AL.

1. CHANCERY PRACTICE. *Publication for defendants. Affidavit necessary.*
   Publication for a defendant who is a non-resident, or whose post office is unknown, to be effectual, must be supported by the affidavit prescribed by code 1880, § 1855.

2. AFFIDAVIT BY ATTORNEY. *Requisites thereof.*
   While an attorney may make oath for a client in all cases where an oath is required, it should be special, and show whether the knowledge or information is that of the attorney or the client.

3. PUBLICATION FOR DEFENDANTS. *Form of affidavit by attorney.*
   The form of the affidavit to secure publication for a defendant whose residence is unknown, if made by an attorney, shall be, "that the post office is unknown to affiant, and he believes it is unknown to complainant or petitioner." Code 1880, § 1855.

4. SUPREME COURT PRACTICE. *One appellant cannot avail of error affecting only another. Code 1880, § 1440.*
   If one of several defendants against whom a decree has been rendered appeals therefrom, and his co-defendants, against whom the decree was rendered after *pro confesso* and upon defective service by publication, enter their appearance in the supreme court, and consent to a severance, thereby electing to abide by the decree, the appellant cannot complain of the error against his co-defendants, who themselves fail to assign it. Code 1880, § 1440.

FROM the chancery court of Chickasaw county, first district.

HON. BAXTER MCFARLAND, Chancellor.

The conclusion of the chancellor upon the merits having been affirmed in general terms, it is unnecessary to set out the evidence. The facts touching the matters of practice passed upon by the court are sufficiently stated in the opinion.

*W. T. Houston,* for appellant, E. W. Burks.

The brief of counsel is chiefly taken up with a discussion of the merits of the cause. The bill prays for publication against certain defendants who are not alleged to be non-residents. The affidavit for publication was defective and no valid decree could be based on such publication. This appellant had an interest in in-

sisting that all the parties should be before the court, before a sale was decreed so that the property would bring its value.

Their subsequent appearance in this court could not cure the error, for appellant had to bring the case here at great cost in part to cure this error.

*W. S. Bates*, for appellees, filed a lengthy brief discussing the merits of the controversy, and in support of the decree.

The disposition of the case by this court renders it unnecessary to give this argument.

COOPER J., delivered the opinion of the court.

We think the conclusion of the chancellor upon the question of title is supported by the evidence.

The publication of notice to the non-resident owners was not supported by any sufficient affidavit. The oath of the attorney to the bill was only to the effect that " the matter and things stated in the bill on his own knowledge are true, and that those things stated on information and belief he believes to be true."

There is nothing stated in the bill to be true to the knowledge of the attorney and nothing stated on his information and belief. While an attorney may make oath for his client in all cases in which an oath is required (Code, 2295), it should be special and show whether the knowledge or information be that of the party or of the attorney. *Waller* v. *Shannon*, 53 Miss. 500. Where affidavit is made by an attorney for publication for a non-resident in chancery, it is expressly provided that the form of the oath shall be that the post office is " unknown to affiant, and he believes it is unknown to the complainant or petitioner." Code, § 1855.

The error in this respect would ordinarily result in a reversal of the decree. But all the defendants against whom publication was defectively made, have entered their appearance in this court and consented to a severance, thereby electing to abide by the decree. Since those against whom only error appears to have been committed decline to assign it, the appellant, E. W. Burks, against whom no error is shown, cannot complain. Code, § 1440.

The court below has made no decree in reference to distribution of the proceeds of sale. The right of the widow Parmelia Burks, (now dead) to participate in the distribution is not presented.

*The decree is affirmed.*