## HUNT *v.* CITY OF TUPELO.

[72 South. 895.]

CRIMINAL LAW. *Presence of accused. Reception of verdict.*

Where in a trial of defendant for keeping liquor for unlawful purposes the jury returned a verdict of guilty to the clerk after court had adjourned for the noon hour and in the absence of the judge the defendant, and her counsel, without any agreement of the defendant or her counsel that the verdict might be returned in such manner, or any agreement whatever with reference to the return of the verdict by the jury and the defendant did not in any way waive her presence when the verdict was returned, the return of the verdict under such circumstances was reversible error as denying to accused, her constitutional right to be present at every stage of the trial.

APPEAL from the circuit court of Lee county.
HON. CLAUDE CLAYTON, Judge.

Annie Hunt was convicted of keeping malt liquors, beer, etc., and for unlawful purposes and appeals.

The facts are fully stated in the opinion of the court.

*Boggan & Leak* and *W. A. Blair,* for appellant.

There is a very important question involved in this case, viz: that of returning the verdict to the clerk of the court, the defendant and her counsel, after court had adjourned for the noon hour, and until one thirty o'clock that afternoon, without the consent or approval of defendant or her counsel, and no notice was given her that the jury was ready to render a verdict in her case. It seems that there is, in the special bill of exceptions and motion for a new trial, a mistake as to the time that adjournment was taken, as they both state that it was in the evening, at the close of the day's session, but this is an error made by counsel who represented this appellant and also Metie Henry Borum, who in preparing the motions, got them reversed, and this case was the one decided at the noon hour, or during the adjournment be-

tween the morning and the afternoon session of court, and the stenographer's notes show that the case was tried in the forenoon.

This defendant has the right, guaranteed to her by section 26 of the Constitution of Mississippi, to be present, and this applies as well to misdemeanors as to felonies. We realize that it is the law that where the defendant voluntarily absents herself from the trial, it may proceed without her being present, and in misdemeanor cases she can be tried in her absence, where she has notice of the time and place fixed for the trial and fails to appear, but when she does appear and defends the charge against her, she is entitled to all the protection the law affords her, and it cannot be said that she was voluntarily absent, after court had adjourned for the day, and all parties had been discharged and announcement to that effect had been made, and no notice was given her that her presence was needed or expected.

There are a number of cases that hold that when a defendant is physically unable to be present at a trial, that she does not voluntarily absent herself, and if tried under such conditions she is deprived of her constitutional right.

It is held in *James* v. *State,* 55 Miss. 57, that a refusal to poll the jury on request in either a civil or criminal case is reversible error. It occurs to us that a failure to allow the defendant, or her counsel, to be present when the verdict is returned, is a more serious error than to refuse to poll the jury, as they are not present and could not ask for it to be polled, or protect defendant's rights with reference to any other things that might occur at the time.

In the case of *Garmon* v. *State,* it was held as error to exclude Joe Garmon who was being tried jointly with others, from the court room on account of the fact that he was a witness in the case. This was a misdemeanor, and the court said that he had a right to be present and advise and assist his counsel.

We also call the court's attention to the cases of *French* v. *State,* 63 Miss. 386; *Ryan* v. *Cranch,* 66 Ala. 636; *Chester* v. *Bower,* 56 Cal.  46; *LaRue* v. *Russel,* 26 Ind. 386; *Crow* v. *Peeters,* 63 Mo. 429; *Snider* v. *Haas,* 14 Ore. 174; *Garmon* v. *State,* 66 Miss. 196.

In the case of *Corbin* v. *State,* Justice ANDERSON speaking, says: ''Furthermore, the appellant had the constitutional right 'to be present when tried, such right being guaranteed by the twenty-sixth section of the Constitution, which applies to trials of misdemeanors as well as felonies.  In a trial for misdemeanor, the accused may, by his own fault or misconduct, waive the right to be present.''  This case is found in 55 So. 43.

''In misdemeanors as in felonies, the defendant has a right to be present during the trial, and unless this right is expressly or impliedly waived, a trial or conviction in his absence is invalid.''  12 Cyc. 528.

We submit that the court had no right, after adjournment, to receive the verdict of the jury in the absence of defendant and her counsel without notice to either of them; and the defendant, after having once been placed in jeopardy, is entitled to a discharge at the hands of this court; we therefore ask that the judgment of the lower court be reversed and the defendant discharged.

*C. P. Long,* for appellee.

The first assignment of error in this case is that the verdict was delivered to the clerk after court had adjourned for the noon hour, and in the absence of the court, the defendant, and her counsel.

This assignment of error and also the one in the case of *Mittie Henry Borum, Appellant,* v. *The City of Tupelo,* Appellee, present the same questions as is presented in the case of *Sarah Woods, Appellant* v. *City of Tupelo,* Appellee, and I have argued and briefed the question in that appeal which is now pending in this court, as fully as I know how, and I respectfully refer the court to brief and argument in that case.

Like all other law points, when once raised in whiskey cases, an immediate rush for the same cover was made by all defendants who were unfortunate enough to be convicted.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from the circuit court of Lee county where the appellant, Annie Hunt, was convicted of keeping malt liquors, beer, for unlawful purposes, in the city of Tupelo.

It appears from the record that the jury in the lower court returned a verdict of "guilty" to the clerk after court had adjourned for the noon hour, and in the absence of the judge, the defendant, and her counsel, without any agreement of the defendant or her counsel that the verdict might be returned in such manner, or any agreement whatever with reference to the return of the verdict by the jury; nor did the defendant below in any other way waive her presence when the verdict was returned. The rule announced by this court in banc November 6, 1916, in *Sarah Woods* v. *City of Tupelo,* 72 So. 895, is applicable to the case before us now.

Therefore the judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*