Delta Ins. & Realty Agency et al. *v.* Interstate Mortgage & Bond Co.

[72 South. 895.]

Account.  *Discovery.  Facts warranting relief.*

Where a bill charged business dealings between the parties for several years, that the accounts between them are mutual accounts and are complicated, and that the status of the accounts was within the knowledge of defendants, and praying for a

discovery and accounting and decree accordingly and the bill further charges that all the defendants were indebted to complainant in a gross sum, a part of which was due and owing by two of the defendants and the other part by the other defendant and that on account of the relation of all parties to each other the indebtedness was a joint liability, and that complainant had no knowledge as to the amount due by each and that a discovery was necessary; such facts alleged in the bill of complainant were sufficient to warrant the lower court in granting the relief prayed for.

APPEAL from the chancery court of Leflore county. HON. JOE MAY, Chancellor.

Suit by the Interstate Mortgage & Bond Company against the Delta Insurance & Realty Agency, W. S. Barry and S. S. Steele. From a decree overruling demurrer to the bill, the first defendant appeals.

This suit was instituted in the chancery court by the appellee against the appellant and W. S. Barry and S. S. Steele. The bill alleges that in January, 1911, the appellee's predecessor entered into a contract of agency with Barry under the terms of which he was made the general agent in Mississippi and Tennessee for the appellee's predecessor; that in October, 1911, the appellant company was formed with Berry and Steele as the owners thereof, and that the new company took over the contract of general agency and continued to handle the business just as it had been handled by Barry. In the meantime the appellee had come into all the rights of its predecessor. During the course of business the bill alleges that large sums of money belonging to the appellee came into the hands of Barry and the appellant company, and that at the termination of their business during the month of June, 1913, after giving credit for all amounts remitted, there was still a balance due by Barry and the agency of more that eleven thousand dollars, but that the appellee's books did not show the amount chargeable against each, and for that reason discovery and an accounting would be necessary, and that, the accounts being mutual and involv-

ing many items of the debit and credit and offsets and claims and counterclaims, the matter was one peculiarly for chancery ·jurisdiction in order that proper relief might be given.

The bill also alleges that Barry and Steele were stockholders and directors of the corporation, which was insolvent, and which had no property out of which it could be made to respond to a decree against it, and that the assets of the agency had been disbursed in dividends and salaries improperly paid to the directors and stockholders and that Barry and Steele are liable because as directors they authorized and permitted such payments, and as stockholders received such payments, when the agency was insolvent and owed appellee a large amount.

The prayer of the bill is for a decree against Barry for the amount found to be due by him and decree against the agency for the amount found to be due by it, and, since the agency is insolvent and its assets have been dissipated, that a decree be entered against Barry and Steele for the amount due by the agency. There was a demurrer to the bill, which was overruled, and an appeal granted to the supreme court.

*Gwin & Mounger,* for appellant.

*Percy & Percy,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Leflore county overruling a demurrer to the bill filed by the appellee in which it seeks a discovery and accounting between the appellants and appellee. The appeal was granted for the purpose of review of the action of the lower court. The reporter will state the facts.

The bill charges business dealings between the parties for several years, that the accounts between them are

mutual accounts and are complicated, and that the *status* of the accounts is within the knowledge of appellants, and praying for a discovery and accounting and decree accordingly. The bill further alleges that both the Delta Insurance & Realty Company and Barry and Steele were indebted to the appellee in a gross sum, a part of which was due and owing by Barry and Steele, and the other part by the Delta Insurance & Realty Company, that on account of the relation of all the parties to each other the indebtedness was a joint liability, and that the appellee had no knowledge as to the amount due by each, and that a discovery is necessary.

We think the facts alleged in the bill of the appellee are sufficient to warrant the lower court in granting the relief prayed for. Section 556, Code of 1906; 1 C. J. 618, 619; *State* v. *Brown,* 58 Miss. 835; *Compress Co.* v. *Levy,* 83 Miss. 774, 36 So. 281; *Waller* v. *Shannon,* 53 Miss. 500; *Wright* v. *Shelton, Smedes & M. Ch.* 399; *Tribette* v. *Railroad Co.,* 70 Miss. 182, 12 So. 32, 19 L. R. A. 660, 35 Am. St. Rep. 642.

Affirmed and remanded, and appellant granted sixty days within which to answer the bill.

*Affirmed and Remanded.*