Downing, *et al. v.* Campbell.

[95 South. 312.  No. 22818.]

1. Landlord and Tenant. *Proceeding to dispossess tenant for failure to pay rent must be strictly followed; error to dissolve injunction and dismiss bill where affidavit void.*

In a proceeding to dispossess a tenant for failure to pay rent, the proceedings required by sections 2885 and 2886, Code of 1906 (Hemingway's Code, sections 2383 and 2384), must be strictly followed. Where a bill to enjoin the enforcement of a writ issued under a judgment of a justice of the peace charges that the affidavit was not in fact made by the person purporting to have made it, and this is not denied by the answer, but it says that her agent had authority to make it, the affidavit is void, and it is error to dissolve the injunction and dismiss the bill.

2. LANDLORD AND TENANT. *Affidavit of agent to dispossess must be personal, and state facts.*
   Under section 1011, Code of 1906, Hemingway's Code, section 731), an agent or attorney may make the affidavit in any proceeding where an affidavit is required; but the affidavit must be personal—that is to say, must be the act of the person making it—and, if made by an attorney, must show whether the knowledge is that of the attorney or the client. Where an affidavit is on its face that of the party, but is in fact not made by the party, but by an agent, it is void.

APPEAL from Chancery court of Coahoma county.
HON. G. E. WILLIAMS, Chancellor

Suit by M. C. Downing and others against Mrs. L. G. Campbell. From a judgment dissolving an injunction and dismissing the bill, plaintiffs appeal. Reversed and remanded.

*Jno. W. Crisler* and *Chas. W. Crisler,* for appellants.

The filing of an affidavit in the justice court was jurisdictional, and if the affidavit filed was so defective as to amount to no affidavit, the justice of the peace was without jurisdiction to proceed. Let us pause briefly and see what the facts are in the case regarding the making of the affidavit. The original bill, page 4 of the record, alleges: "Fifth: That said judgment is void for the further reason that no valid affidavit was ever lodged in said suit with the justice of the peace, in that the pretended affidavit recites that the same was made by Mrs. L. G. Campbell, whereas it is signed 'Mrs. L. G. Campbell, by R. H. Kirby, Agent and Attorney,' which is a method of swearing by proxy, not authorized by law, that Mrs. L. G. Campbell did not in fact make said affidavit and same is void."

The answer of the defendant, at page 17 of the record, answers this allegation in the following words: "Eight: She denies that said judgment is void for the reason that the signing of the affidavit by the defendant's counsel, and not by the defendant herself, is rendered invalid. On the contrary she alleges that said judgment is valid, and that said affidavit is entirely valid and that her counsel had full authority under the law to sign said affidavit."

It will be readily observed from these abstracts of the pleadings that there is no denial whatever of the charges made by the appellants that Mrs. Campbell did not make the affidavit. She answers to the charge simply that the affidavit is not rendered invalid because signed by her counsel, and states that he had full authority to sign. This is not a denial of the allegation that the affidavit was not made by Mrs. Campbell. Furthermore, there has never been any contention in this case, either in the pleadings, proof or argument that Mrs. Campbell ever made this affidavit. In fact it has been openly admitted that she did not.

In the case of *Coppock* v. *Smith,* 54 Miss. 640, where the affidavit recited that W. H. Coppock appeared· and swore but was signed "W. H. Coppock, by R. W. Ware, Atty.," that this showed upon its face that the affidavit was made by W. H. Coppock in person, since no signature was necessary and the signature might be disregarded as surplusage. Let us then apply that rule to the affidavit in the removal proceedings in the justice court. The affidavit recites that Mrs. L. G. Campbell appeared and made the affidavit. This is presumptive that she did so. There is no presumption whatever that her attorney made the affidavit, for the affidavit contains no such recital and such is not even inferable from any other part of the affidavit, especially in view of the rule announced in the case just cited. The evidence of Mrs. Campbell's attorney in the present proceeding is that she did not make the affidavit and that the matter was handled entirely by him. The attorney does not say that he made the affidavit and it cannot be pre-

sumed from the affidavit that he did so; on the other hand, it is presumed that he did not and that Mrs. Campbell made it, which has been refuted by the record. Mr. Kirby insists in his answer that he had a right to sign the affidavit, and that he did sign it. We will not dispute that as the signature is not at all necessary. But there is a considerable distinction between making an affidavit and signing an affidavit.

But let us admit that Mr. Kirby, as agent and attorney for Mrs. Campbell, made the affidavit. Still there is nothing in the recitals of the affidavit to show that he had any personal knowledge of the thing he was swearing about. The statute authorizing an attorney to make an affidavit for his client does not authorize vicarious swearing. Even if Mrs. Campbell had had the positive and absolute knowledge, this would not authorize her attorney to make an affidavit concerning a thing of which he had no personal knowledge. As said by the court in *Coppock* v. *Smith, supra.* "The affidavit, however, must be personal; that is to say, it must be the act of the person making it. One man cannot swear for another."

This rule is also affirmed in the following decisions of our supreme court: *Miller* v. *McDougall,* 44 Miss. 689; *Waller* v. *Shannon,* 53 Miss. 500; *Burks* v. *Burks,* 66 Miss. 494, 6 So. 244

*R. H. Kirby,* for appellee.

The appellants in the case at bar sat quietly and allowed a judgment to go against them, and then allowed the time for appeal to expire, and then go into the chancery court and ask for relief by injunction, which that court on final hearing very properly denied them. The action of the court is upheld in all the cases bearing on the subject. 16 Am. & Eng. Ency. of Law, 377-385; *Roots v. Cohen,* 12 So. 593; *Welch* v. *Hannie,* 72 So. 863; *Vicksburg Groc. Co.* v. *Brennan,* 20 So. 845. We earnestly submit that the

appellants are in any event concluded by the judgment and that they have no standing on this appeal.

The cases of *Bowles* v. *Dean, supra* and *Wilson* v. *Wood, supra,* set forth what the pleadings in removal proceedings under the statute should contain, and we submit that we come entirely within the requirements laid down in those cases. The decisions in those cases were made in a direct proceeding by appeal, and the points were raised seasonably and in the proper court. Therefore even though we did not come within the requirements there laid down, that fact would avail the appellants nothing in this cause, for they would be concluded by the judgment.

It is stated in counsel's brief that the record does not disclose any authority in the lower court to render final judgment against the appellants on a motion to dissolve the injunction. On this point we ask the court to turn to page 25 of the record, where the final decree recites on its face that the cause was "taken under the advisement for decree in vacation, the same being for final hearing, etc." The court may have been induced to embrace that language in the decree by reason of an agreement announced in open court by the counsel on the hearing of the cause. If, however, this should be considered an interlocutory instead of a final decree, then this appeal should be dismissed because it was not perfected within the time allowed for perfecting appeals from interlocutory decrees.

We earnestly and respectfully submit that the appellant's cause is without merit, and this case should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

This is an appeal from a judgment dissolving an injunction and dismissing the bill sued out by the appellants against the appellee upon the judgment of the justice of the peace under a proceeding by the appellee to dispossess appellants of certain premises under the provision of section 2885, Code of 1906 (Hemingway's Code, section

2383). The affidavit in the proceedings to dispossess appellants reads as follows:

"The State of Mississippi, Coahoma County.

"Before the undersigned justice of the peace for said county, Mrs. L. G. Campbell makes oath that M. G. Downing and Ara E. Downing are indebted to her in the sum of fifty dollars for rent of house and premises at 112 Issaquena avenue, in the city of Clarksdale, in said county, described as lot 16, block N, of the city of Clarksdale; that said premises were let to the said M. G. Downing and Ara E. Downing on the 1st day of December, 1920, at the rate of fifty dollars per half month; that said tenant neglected to pay said rent so due as aforesaid, or any part thereof; that the amount due cannot be made by distress of the tenant's goods; that said rent is past due and unpaid, and, the necessary three days' notice according to law having been given said tenants to terminate their tenancy, and said tenants will not deliver to affiants possession of said premises.

"Mrs. L. G. Campbell,<br>"By R. H. Kirby, Agent and Attorney.

"Sworn to and subscribed before me, this 24th day of March, 1921.

"R. E. Stratton, Sr.,<br>"Justice of the Peace."

On filing this affidavit the justice of the peace issued the following writ:

"The State of Mississippi, to the Sheriff or any Constable of Coahoma County:

"By affidavit of Mrs. L. G. Campbell we are informed that M. G. Downing and Ara E. Downing, tenants, now in possession of dwelling house and premises at 112 Issaquena avenue, in the city of Clarksdale, in the county aforesaid, known as lot 16, block N, of the city of Clarksdale, without the permission of the said Mrs. L. G. Campbell, landlord, hold over after the expiration of their term, and will not deliver to the said Mrs. L. G. Campbell, landlord

possessions of the same.  We therefore command you to require the said M. G. Downing and Ara E. Downing, or the person in possession of the same, or claiming possession thereof, forthwith to remove from the same, or to appear before the undersigned justice of the peace of said county, on the 28th day of March, 1921, at ten a. m., to show cause why the possession of the said premises should not be delivered to the said Mrs. L. G. Campbell; and have then and there this writ.

"Witness my hand this the 24th day of March, 1921.

R. E. Stratton, Sr.,
"Justice of the Peace."

At the return day of the writ thereon issued, the defendants not appearing, the justice entered judgment reciting that the defendants had been served with process, and, it appearing that the defendants were in arrears for rent, and that it was necessary that three days' notice be given defendants to vacate the premises, and that same has not been paid and cannot be made by distress, ordered that the plaintiff recover possession of the premises described, and a writ of possession was issued under the said judgment.

The bill of injunction among other things alleged that Mrs. L. G. Campbell did not in fact make the affidavit, and that the proceedings were void for this reason, and this allegation is not denied in the answer, but the answer with reference thereto admits, in effect, that Mrs. Campbell did not make the affidavit, but that her agent had authority to make the affidavit.   It is further alleged in the bill that it was not true that the appellants were indebted to Mrs. Campbell, and it is further alleged that they had more than one thousand dollars worth of property situated upon the premises from which any sum due for rent could have been collected by distress, and that no distress warrant had ever been issued.   An itemized list and valuation of the property is attached to the bill.   The answer admits that no distress had ever been issued for

the rent, but denied that there was sufficient property subject to distress upon the premises.

There are a number of other attacks made against the judgment which we deem it unnecessary to notice inasmuch as the affidavit is shown by the bill and admitted by the answer not to have been sworn to by Mrs. Campbell. It is said by the appellees that the signatures to this affidavit are unnecessary, and therefore the fact that it was signed by R. H. Kirby as agent and attorney was immaterial under the doctrine of *Coppock* v. *Smith,* 54 Miss. 640.

In the present case the bill distinctly charges that Mrs. Campbell did not swear to the affidavit. This is admitted in the answer. Therefore, the affidavit, not purporting to be the affidavit of Kirby, but purporting on its face to be the affidavit of Mrs. Campbell, when in fact Mrs. Campbell made no affidavit, is insufficient to support the proceeding under section 2886, Code of 1906 (Hemingway's Code, section 2384), which requires an affidavit to be made.

In *Wilson* v. *Wood,* 84 Miss. 728, 36 So. 609, this court held that proceedings under this section must show a strict compliance with the requirements of the section, while under the statute the agent of the landlord may make the necessary affidavit, it is held in *Coppock* v. *Smith,* 54 Miss. 640:

"The affidavit, however, must be personal; that is to say, it must be the act of the person making it. One man cannot swear for another. *Waller* v. *Shannon,* 53 Miss. 500."

See, also, *Burks* v. *Burks,* 66 Miss. 494, 6 So. 244.

The proceedings under section 2885, Code of 1906 (Hemingway's Code, section 2383), and subsequent sections, is a harsh and summary remedy, and it is necessary that the statutory requirements be adhered to; if the tenant contests and loses, he is subject to double payment of rent for unlawfully withholding possession. Proceedings under this section are in a special court of limited and special

jurisdiction, and all requirements of law must be followed, and the record must so show.

The complaints in the bill in the present case offered to pay whatever rent was found to be due by the court, denying that they owed any rent. The chancellor should have overruled the motion to dissolve and heard evidence upon the issues made and determined the amount of rent actually due by the complainant to the date of hearing, so that the complainant would know precisely what money to pay to keep himself from being evicted.

The judgment will be reversed, the injunction reinstated, and the cause remanded for further proceedings.

*Reversed and remanded.*