YAZOO DELTA MORTGAGE CO. *v.* HARLOW *et al.*\*

(Division B.   Dec. 6, 1926.)

[110 So. 585.   No. 26022.]

PLEADING.   *Plea marked "sworn to and subscribed," signed by clerk, without certificate showing who was sworn and subject of deposition, is not sufficient; affidavit to pleading must show who deposed, and, if made by attorney, whether information is that of attorney or client; if information in verified pleading is derived from client, attorney should swear that he believes it to be true (Hemingway's Code, section 1634).*

A plea under section 1634, Hemingway's Code (section 1974, Code of 1906), signed by a firm name of lawyers, and marked, "Sworn to and subscribed this 18th day of May, 1926, R. A. Myers, Clerk," not having thereon a certificate of the officer as to who appeared, was sworn, and what was deposed to, is not sufficient. The affidavit in such case must show what person deposed to said affidavit, and, if made by an attorney, whether the information is the information of said attorney or of his client and if the information is derived from a client, the attorney should swear that he believes same to be true.

---

\*Corpus Juris-Cyc. References: Pleading, 31Cyc, p. 541, n. 38; p. 547, n. 94.

Appeal from circuit court of Coahoma county.

Hon. W. A. Alcorn, Jr., Judge.

Suit by the Yazoo Delta Mortgage Company, liquidating agent of Planters' Bank, against W. G. Harlow and others, on a note. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

*Roberson, Yerger & Cook,* for appellant.

The plea upon which the court sustained the motion to exclude was not a sworn plea. The court will observe that this plea is signed by Brewer, Brewer & McGehee, and below this signature, appear the words "Sworn to and subscribed before me this, May 18, 1926. R. A. Myers, Clerk."

Until the decision of the lower court in this case, we had always been under the impression that although section 731, Hemingway's Code, authorizes the attorneys of a party to make an oath on behalf of any party to a suit, nevertheless, when an oath is made by an agent or attorney, it must disclose whether or not the information is that of the attorney or the principal. In this case and from this plea, it is impossible to determine who swore to the plea. We know of no authority to authorize a whole co-partnership to make an oath in any case; but assuming that this co-partnership has the legal authority and did make the oath to the plea in the case at bar, nevertheless, the oath does not comply with the law in Mississippi for the reason that our court has said, "In all cases the affidavit should be special and show whether the knowledge or information be that of the party or of the attorney." *Burkes* v. *Burkes,* 66 Miss. 494, 6 So. 244; section 1634, Hemingway's Code; *Anderson* v. *Leland,* 46 Miss. 290; *Hope* v. *Hurt,* 59 Miss. 174; *Thornton* v. *Alliston,* 12 S. & M. 124.

The appellant in this suit was fully able and capable of making the proof of its representative capacity, but could not forsee that the lower court would hold that

the alleged sworn plea was sufficient under the statute to require it to prove the description of character in which it sued. We, therefore, respectfully submit that it was not necessary for the appellant to make this proof and that the court erred in holding that it was so necessary.

Upon the whole record, we suggest that the appellees have at no time filed any pleas which affect the merits of this controversy, that the pleas which have been filed were filed solely for the purpose of delay, and that the appellant is entitled not only to the reversal of the case but to a judgment.

*Brewer & Brewer,* for appellees.

Counsel for appellant insist that the plea upon which the court sustained the motion was not a sworn plea. In the first place, counsel are wholly in error in their contention that the plea is not properly sworn to. If we understand the law correctly, it is not even necessary that an affiant's name appear on the affidavit. But be this as it may, no exception of any kind was taken to the plea in the court below, no contention was made that it was not sworn to, but the issue was joined in short.

It is not too late to complain. We insist that there are no defects in the plea; but if there are they have been cured by the verdict. It is too late for appellant to object for the first time in this court. If it was dissatisfied with the proceedings or with the pleas filed, it should have made known its dissatisfaction at the proper time.

It is insisted that the appellant is "fully able and capable of making its proof of its representative capacity, but could not forsee that the lower court would hold that the alleged sworn plea was sufficient under the statute to require it to prove the description of character in which it sued." It will be noticed that appellant does not insist or contend that it could have proved that it

was the owner of the note sued on; and, as a matter of fact, the plaintiff was not and is not the owner of the note sued upon. It could not have been proved at the time. of the suit and cannot be proved now.

Argued orally by *Sam C. Cook,* for appellant.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was plaintiff in the court below, and brought suit upon a note given to the Planters' Bank by the defendants for the sum of eleven thousand six hundred thirty-nine dollars, and fifteen cents, upon which certain payments had been made.

There were numerous pleas filed by the defendants, one of which was that the plaintiff did not own the note sued upon, and had not the legal title thereto, said plea, in full reading as follows:

"Now come the defendants, J. H. Johnson, Earl Brewer, Ed Brewer, E. J. Mullens, Jr., W. B. Nichols, and S. A. Corley, and, for further plea, say that the plaintiff should not have and maintain its aforesaid action against them in the manner and form as the plaintiff has in its declaration alleged because they say that the plaintiff is not the present owner of the promissory note herein sued upon and has not the legal title thereto. And of this they put themselves upon the country.

"BREWER, BREWER & McGEHEE.

"Sworn to and subscribed before me on this May 18, 1926.

"[Seal.]    R. A. MYERS, Clerk."

As to all of the pleas of defendants, issue in short by consent was taken, and plaintiff introduced the note in evidence, and introduced an attorney to prove what a reasonable fee would be for collection of the note under its terms, and then rested its case.

Thereupon the defendants moved to exclude the evidence introduced by the plaintiff, and to direct the jury

to return a verdict for the defendants upon the ground that ownership of the note by plaintiff is denied under oath, and, that being true, that it was cast upon the plaintiff to prove ownership of the note, which motion was sustained by the court, and exceptions taken.

The attorney for plaintiff then requested the court to allow them to reopen the case and make proof of ownership of the note, which the court refused to do, to which rulings exceptions were taken.

This motion was followed by entry of judgment for defendants, from which this appeal is prosecuted.

It is contended by the appellants that the above plea amounted to no more than the general issue, and that it was not sworn to properly because it does not show that any particular person made oath thereto, and does not show upon whose knowledge or information the plea was sworn to. It is further contended that, even if the plea was properly sworn to, the court abused its discretion in refusing to reopen the case and allow the plaintiff to make proof of ownership of the note, which would have required only a few minutes of time and would have occasioned no delay.

Section 1634, Hemingway's Code (section 1974, Code of 1906), reads as follows:

"In suits founded on any written instrument set forth in the pleading, it shall not be necessary to prove the signature or execution thereof, unless the same be specially denied by a plea, verified by the oath of the party pleading the same; and it shall not be necessary in any case to prove any written signature, the execution of any instrument, or the identity or names of persons, or description of character, or the persons composing any firm or partnership which may be set forth in the pleadings, unless the same be specially denied by plea, verified by oath. And the like rule shall prevail, as far as may be applicable, in all cases where any writing is pleaded or set up by the defendant, or any signature, identity, or

145 Miss.—15.

names of persons, description of character, or partnership set forth in his pleading.''

It appears from this section that it is not necessary for plaintiff to prove its ownership of the note and the character in which it sues, unless same be denied specifically by plea, verified by oath. If the plea so denies under oath, then it devolves upon the plaintiff to prove its title thereto.

It will be noted from reading the above plea that there is no certificate by any officer that any particular person appeared before him and was duly sworn, nor what such person deposed to.

The plea is signed by a firm name, carrying three names, and several of the defendants are named in the body of the plea. Just who made the affidavit, if any one, is not apparent from the pleading or the certificate of the officer.

Where the affidavit is in due form and recites that a named person appeared before an officer and was duly sworn, such affidavit is not void because not signed by affiant; the certificate of the officer showing who appeared before him, to whom the oath was administered, and what affiant deposed to.

Where an oath is made in a case under section 731, Hemingway's Code (section 1011, Code of 1906), the affidavit should show whether the affiant deposed of his own knowledge, or upon the knowledge in the mind of his clients and, if the latter, must depose he verily believes such information is true. *Downing* v. *Campbell,* 131 Miss. 137, 95 So. 312, and authorities cited in that opinion.

We are of opinion that the plea was not properly sworn to, so as to bring it within the purview of the section above referred to, and, that being true, the court erred in granting the peremptory instruction, for which the judgment will be reversed, and the cause remanded.

*Reversed and remanded.*