SOUTHERN MINING & MINERAL CORPORATION *et al. v.*
POYTHRESS.*

(Division A. Jan. 14, 1929. Suggestion of Error Overruled Feb. 11, 1929.)

[120 So. 178.   No. 27483.]

*Corpus Juris-Cyc References: Trial, 38Cyc, p. 1779, n. 75.

*Reily & Parker,* for appellants.

*V. W. Gilbert* and *F. V. Brahan,* also filed a brief for appellant.

*Bozeman & Cameron,* for appellee.

SMITH, C. J.  The appellee sued the appellants on a promissory note executed by the Southern Mining & Mineral Corporation, and indorsed by the other appellants, and from a judgment awarding him a recovery thereon the appellants have brought the case to this court.

A demurrer to the appellee's declaration, one of the grounds which is that the declaration failed to allege that notice of the dishonor of the note was given to the indorsers, was sustained, whereupon the declaration was amended so as to include an allegation that this notice was given.

One of the appellants' pleas, among other things, denied that notice of dishonor had been given to the indorsers of the note.  This plea was not sworn to, as required in section 1977, Code of 1906 (Hemingway's Code 1927, section 1709).  By consent, issue in short was joined on this plea.

The appellee's evidence is to the effect that the note was executed to him for a loan to the Southern Mining & Mineral Corporation, and that he gave to the corporation's agent a check for the money loaned, payable at this agent's request to the Colorado Smelter & Mining Corporation, which check was collected by that corporation.

The evidence for the appellants is to the effect that the note was executed for the accommodation of the appellee, for the purpose of enabling him to borrow the amount for which the note was made, for the purpose of purchasing stock in the Colorado Smelter & Mining Corporation, in which all parties to the note were interested, and that the check given by the appellee to the Colorado Smelter & Mining Corporation was for stock in that corporation.

It does not appear from the appellants' evidence how the note got into the appellee's possession. It does appear therefrom that no stock in the Colorado Smelter & Mining Corporation has been issued to the appellee—exactly why is not clear therefrom.

Two of the appellants' contentions are: First, the instructions to the jury granted to appellee permitted him to recover against the indorsers without finding that notice of the dishonor of the note had been given to them; and, second, the court erred in instructing the jury for the appellant "that the burden of proving failure of consideration rests upon the defendants and that the law presumes that the note was executed for a valauable consideration; and if you believe from the evidence that the check in this case was made payable to the Colorado Smelter & Mining Corporation at the instance of the indorsers, or some one in whose hands the note was left for the purpose of negotiating it, then this would be a sufficient consideration for the note, and you should not find any verdict against the plaintiff by reason of any alleged failure of consideration."

The failure of the appellants to swear to their plea denying notice of dishonor relieved the appellee of proving that such notice had been given. Section 1977, Code 1906 (Hemingway's Code 1927, section 1709); *Yazoo Delta Mort. Co.* v. *Harlow*, 145 Miss. 221, 110 So. 585; *Taylor* v. *Ross*, 129 Miss. 536, 92 So. 637; *Thigpen* v. *Miss. Central R. Co.*, 32 Miss. 347.

The appellee's evidence discloses that after the maturity of the note he demanded payment thereof from the indorsers, and they promised so to do. This was denied by the indorsers, who testified themselves and stated that no such request was made of them and no such notice of the nonpayment of the note was given to them. The appellant requested that the evidence tending to show that no notice of dishonor had been given to the indorser be excluded, for the reason that, on the "pleadings in the

case . . . no defense can be predicated on any alleged failure to present for payment and notify indorsers of dishonor,'' but the court below declined so to do, and the evidence was probably competent in support of the appellants' denial that the indorsers had been requested to pay the note, and had promised so to do.

The charge in the instruction, that, if the jury believed ''the check in this case was made payable to the Colorado Smelter & Mining Corporation at the instance of the indorsers, or some one in whose hands the note was left for the purpose of negotiating it, this would be a sufficient consideration for the note,'' is erroneous, in view of the appellants' contention that the check was given by the appellee to the Colorado Smelter & Mining Corporation in payment of stock purchased by him in that corporation. This error could hardly have misled the jury, in view of the clear-cut issue on this point presented by the evidence, and was cured by another instruction for the appellee, in connection with which the other must be read, which specifically charged the jury to find for him in event they believed he loaned the money to the appellants on the note and made the check therefor payable to the Colorado Smelter & Mining Corporation at their request.

The appellants' instructions also clearly presented the issue which the jury was called on to try.

*Affirmed.*