## SMITH *v.* WILLIAMS-BROOKE Co.

### [71 South. 648.]

1. MORTGAGES. *Tender of payment. Foreclosure. Recovery of possession by purchaser. Prima facie proof. Tender. Keeping good. Payment into court. Trustee. Cestui que trust.*

    A tender of the sum due under a mortgage or deed of trust does not discharge the lien of such mortgage or trust deed.

2. MORTGAGES. *Foreclosure. Recovery of possession by purchaser.*

    In an action of unlawful entry and detainer by the purchaser at a foreclosure sale under a deed of trust, evidence by the defendant of a tender before sale of the amount due under the deed of trust was inadmissible, since purely equitable defenses cannot be interposed in an action of unlawful entry and detainer.

3. MORTGAGES.    *Foreclosure.    Recovery of possession.    Prima facie proof.*

In such an action the trustees deed is *prima facie* evidence of the correctness of its recitals.

4. MORTGAGES.    *Foreclosure and sale.    Tender.*

A trustee under a deed of trust has the right to foreclose and sell the property covered by the trust deed notwithstanding a tender of the amount due.

5. TENDER.    *Keeping tender good.*

A tender once made must be kept good and when the benefit of the tender is claimed in court, the money must be produced and placed in the custody of the court, so that if the tender is adjudged good, the money may be awarded to the party to whom it is then ascertained to belong.

6. MORTGAGES.    *Lender.    Trustee.    Cestui que trust.*

Where plaintiff permitted his land to be sold under a deed of trust without tendering to the trustee the amount due, he cannot defeat an action by the purchaser to recover the possession merely by showing that prior to the sale he tendered to the *cestui que trust* the amount due on the trust deed.

APPEAL from the circuit court of Newton county.

HON. C. L. DOBBS, Judge.

Suit by Williams-Brooke Company against W. H. Smith. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*W. I. Munn,* for appellant.

In a suit of this kind, the title to the property is not in issue, but the only question to be considered and decided is the right of possession of the property, so it can be readily seen that one person may hold a good and valid title to property and at the same time he could not recover possession of the property against a person who had no title whatever, under certain circumstances.

Appellee's counsel cites the case of *Marks* v. *Howard,* reported in 70 Mississippi, 445, and quotes the language

of the court in that opinion as follows, to-wit: "The purchaser of land at trustee's sale, under trust deed with power of sale on default, is entitled, as against the grantor, who withholds possession, to maintain the action of 'unlawful entry and detainer.' This is true, where the sale made by the trustee is regular and is made in accordance with law, and the terms and conditions of the contract are strictly complied with; suppose the deed of trust is not foreclosed until after the note supporting the deed of trust is barred under the statute of limitation; surely the trustee's deed would be void, and the grantor in the deed of trust would be entitled to show this in a suit, at the instance of the purchase, or he would be entitled to make any other defense as to the possession of the land."

Suppose that the deed of trust should have been executed on Sunday; surely the grantor in the deed of trust would have the right in a contest between himself and the purchaser, at the trustee's sale to show that the deed of trust was void and that the deed was likewise void, and that the purchaser could not and ought not to recover against him.

Counsel says that the case of *Williams* v. *Simpson* reported in 70 Mississippi, 113, bears about the same resemblance to the case at bar that a hawk bears to a handsaw; we do believe that this case settles the point now before the court, and that is, whether or not the appellant can show that the trustee's deed is void; that the trustee's deed is incomplete; that the beneficiary in the deed of trust has not complied with the terms and conditions of the deed of trust, and that the beneficiary cannot recover possession of the land until the deed of trust has been strictly complied with; these are no equity defenses, but are such defenses as go to the possession of the property. We therefore insist that we are correct in our contention as shown by our former brief in this case.

*G. H. Banks,* for appellee.

Appellant has never questioned the validity of the several instruments through which appellee claims his right to possession of these lands but merely contends that the amount claimed to be due appellee was larger than the amount he was actually due him at the time. In other words his defence is purely an equitable defence, if in fact he has any at all.

"The purchaser of land at trustee's sale, under trust deed with power of sales on default, is entitled as against the grantor, who withheld possession, to maintain the action of 'unlawful entry and detainer." (*Marks* v. *Howard et al.*, 70 Miss. 445.)

Purely equitable defenses are not maintainable in an action of unlawful entry and detainer. (*Homes etc. Assn.* v. *Leonard,* 77 Miss. 39.)

"Neither the legal title to the property nor any secret equities between the parties can be investigated." (*Clark* v. *Bourgeois,* 86 Miss. 1.)

The case of *Williams* v. *Simpson,* 70 Miss. 113, the only case upon which distinguished counsel relies, is mighty good law, but it bears about the same resemblance to the case at bar that a "hawk" bears to a "handsaw."

We respectfully submit that every authority we have been able to find bearing on this case either directly or remotely abundantly sustains the lower court in the judgment there rendered.

*W. C. Longmire,* for appellee.

As to the tender which appellant alleges that he made if this were a fact, it would not discharge the lien of the trust deed, and would not affect the matter one way or the other, as there is no evidence that the tender was kept good or that the appellant was willing at any time thereafter to pay the amount and of course there would be no other course for the appellee to have

pursued. As to tender or not discharging lien see, *Tishimingo Savings Bank* v. *J. W. Buchanan et al.*, 60 Miss. 496, 504.

Appellant relies on *Williams* v. *Simpson*, 11 So. 689. We submit that this case does not touch the one at bar, the only question decided in that case was that the trust deed relied on was void from the beginning on account of the merchant never paying his privilege tax, and if this were a fact it is just as if he never had taken a trust deed, attorney for appellant seems to hold to the idea that the alleged tender made by appellant rendered the trust deed in the case at bar void, but we have seen above that this is not the law.

We therefore submit respectfully that this case should be affirmed as to the possession of the land, and that judgment should be rendered in this court in favor of appellee for rent of said land at fifty dollars per year from Oct. 12, 1913.

STEVENS, J., delivered the opinion of the court.

Williams-Brooke Company, appellee herein, instituted this action of unlawful entry and detainer against appellant in accordance with procedure outlined by chapter 147 of the present Code. From an adverse judgment entered against him by the unlawful entry and detainer court appellant, as the defendant in the proceedings, appealed to the circuit court, and upon the trial of the cause on its merits in the circuit court a peremptory instruction was granted in favor of appellee, as plaintiff. From the judgment entered in pursuance of said instruction, appellee brings the case to this court for review. Appellee is a firm doing a mercantile business in Newton county, and in the usual course of its business accepted from appellant a deed of trust to secure a certain promissory note in the sum of one hundred and sixty-five dollars due and owing by W. H. Smith, appellant, and his wife, Rosa Smith, and

also to secure subsequent advances. The promissory note was payable on or before November 1, 1911. The deed of trust in question was given upon a mule and forty acres of land, as well as the entire crop to be grown during the year 1911. Default having been made in the payment of the indebtedness secured by the deed of trust, W. C. Longmire, the trustee named in the trust deed, in pursuance of the provisions of the instrument, duly published in January, 1912, notice of foreclosure sale, and on February 13, 1912, sold the real estate at public auction in accordance with law and the provisions of the deed of trust. Appellee, the beneficiary bid in the property and received from the trustee the usual trustee's deed. Appellant having refused to surrender possession of the premises conveyed by the trustee's deed, appellee resorted to this possessory action for relief. On the trial of the case in the circuit court the appellant, as a witness in his own behalf, testified that he had paid a part of the indebtedness secured by the deed of trust, and "offered to pay the balance." The substantial portion of his testimony on this point is disclosed by the record as having been introduced in the absence of the jury, and is as follows:

"Q. You say that left a balance of eighty-four dollars and fifty-two cents? A. Yes, sir. Q. When did you offer to pay it? (Objection. Objection sustained. Exception.) A. In December, 1911."

After all the testimony had been introduced the court peremptorily charged the jury to find for the plaintiff and refused the several instructions requested by the defendant. One of the refused instructions was, in effect, a statement that, if the jury believed from the evidence that the defendant in December, 1911, "offered to pay, and did make a legal tender, the balance due on the said deed of trust," and that said company refused to accept said payment, and thereafter instructed the trustee, W. C. Longmire, to advertise and sell the land mentioned in the deed of trust, said sale was void.

The evidence fails to disclose any irregularity in the notice of the trustee's sale, in the manner of conducting the sale, or in making the sale. The only question that merits consideration is the contention of counsel for appellant that, a tender of the balance due on the deed of trust having been made to the beneficiary before the deed of trust was foreclosed, and this tender having been refused, any sale by the trustee is void and conveyed no title.

Whatever the holding may be in other states as to the effect of a legal tender upon the lien of a mortgage or deed of trust, our court has long since repudiated the doctrine that a tender of the amount secured by deed of trust discharges the lien given and evidenced by the instrument. Campbell, C. J., in the case of *Tishimingo Savings Institution* v. *Buchanan et al.*, 60 Miss 496, announces the views of the court as follows:

"We repudiate the doctrine that a tender of the sum due discharges the lien of a mortgage or deed of trust. There was a reason for such doctrine when a mortgage was an absolute conveyance of the estate, if the debt was not paid according to its terms; but it is without any sensible foundation in the present view of mortgages as mere securities for debts."

The right of the purchaser of land at a trustee's sale to maintain this action of unlawful entry and detainer was expressly approved in the case of *Marks* v. *Howard et al.*, 70 Miss. 445, 12 So. 145. Appellant's offer to pay, according to his testimony, was in December, after there was a default in the payment of the indebtedness secured by the deed of trust, and therefore after breach of the conditions contained in the instrument itself.

The court heard the testimony of Mr. Smith in reference to payment of a part of the indebtedness and tender of the balance, this evidence being fully inquired into in the absence of the jury; and, after all the witness had to say on this subject was incorporated

into the record, the court held the evidence incompetent on the issue raised by the possessory action here prosecuted. The action of the court in excluding this testimony and in refusing the instruction based hereon was, in our judgment, correct. It has been expressly held by our court that purely equitable defenses cannot be interposed in this action of unlawful entry and detainer. There was no showing by Mr. Smith that the terms of the deed of trust in reference to foreclosure were not complied with. The trustee, in making the sale, satisfied the terms of the instrument and the law of the land. That a trustee's deed is *prima facie* evidence of the correctness of its recitals was expressly recognized by our court in *Tyler* v. *Herring,* 67 Miss. 169, 6 So. 840, 19 Am. St. Rep. 263, and other adjudications of this court. In the case mentioned Judge Campbell well says:

"The true view is that the plaintiff begins and ends with the burden of proof. Introducing the trustee's deed, he makes a *prima facie* case. It then devolves upon the defendant to meet the case thus made, failing in which the plaintiff is entitled to recover."

The only way the defendant attempted to meet the case made by the plaintiff was to show one single solitary offer to pay the balance of the secured debt a long while prior to the first publication of the notice of sale. The tender testified about was not even kept good. In *Home Association* v. *Leonard,* 77 Miss. 39, 25 So. 351, our court, through Whitfield, J., said of the defenses therein attempted to be interposed that:

"The defenses which would be available, if any, are equitable, and cannot be interposed in this action. . . . The trust deeds are not void for illegality; and, if it be true that the equitable defenses can be sustained by proof—as to the sufficiency of which proof we say nothing now—the appellees may have their day in the appropriate forum."

If a tender after the day fixed for payment were a discharge of the lien, as appears to be the holding in New York and Michigan, then the evidence in this case would perhaps have been relevant. Even then the tender should be kept good, *Tuthill* v. *Morris*, 81 N. Y. 94. But, if this tender does not discharge the lien, as expressly held by our own court, then certainly the trustee had the right upon request to foreclose. It would be inconsistent to hold that the beneficiary still has his lien, but does not enjoy the right to have his lien foreclosed. There cannot be a right without a remedy. If the beneficiary still owns a lien, he still has the right to have the lien foreclosed in accordance with the contract of the parties. Our court is not alone in the holding announced by it in *Tishimingo Savings Institution* v. *Buchanan et al., supra.* Mr. Jones in his work on Mortgages (6th Ed.) par. 892, lays down this rule:

"A tender of the amount due on a mortgage after breach of the condition does not operate at common law as a discharge of the debtor's liability. If a debtor wishes to extinguish his liability for subsequently accruing interest, or is seeking some affirmative relief, the tender must be kept good, to avail anything. The appropriate office of a tender, then, is to relieve the debtor from subsequently accruing interest to preserve the right of redemption, or to protect him from the costs of a suit to redeem."

In some of the states the lien of the mortgage is discharged by a tender, but, as stated, this rule does not obtain in Mississippi, and in its application to the facts of any particular case the courts of those states giving such effect to a tender are not in accord. Mr. Jones in paragraph 1894 further says:

"Upon the delivery of the deed the purchaser is entitled to the possession of the property, and he may maintain a writ of entry or an action of ejectment to recover it."

111 Miss.—26

And in paragraph 1798:

"A sale under the power after a tender made, and not accepted, transfers the legal title and possession; but the mortgagor may preserve his right to redeem against a purchaser by giving him notice before or at the sale of the tender. Until he is restored to the legal right of possession by a decree of court in equity he can neither maintain nor defend a writ of entry against one claiming under the mortgage. The foreclosure is complete by the sale notwithstanding the tender. And, unless the mortgagor proceeds in equity to redeem, the purchaser is entitled to possession, and may recover it by a writ of entry, although he purchased with full knowledge that after breach and before the sale the mortgagor tendered the whole amount due under the mortgage."

In the case of *Crain et al.* v. *McGoon,* 86 Ill. 431, 29 Am. Rep. 37, the court makes this observation:

"When it is reflected that no serious hardship is imposed on a party making a tender by requiring him to keep it good, it would seem clearly unjust, under circumstances like those alluded to, to require a party to whom a tender is made, after the day of payment has passed, to elect at once to accept or reject it, at the peril of losing his security if he misjudges as to his rights. An exceptional instance of injustice that would result from such a rule is found in facts disclosed by this record."

The holding of the Illinois court in this case was expressly approved by the supreme court of Florida in *Matthews et al.* v. *Lindsay et al.,* 20 Fla. 962, the court, among other things, saying:

"The rule prevailing in New York and in Michigan that a tender after a debt became due operates to discharge the mortgage and to leave the mortgagee only a personal remedy for his debt has not been adopted in other states."

The universal weight of authority is to the effect that a tender once made must be kept good. On this point Brickell, C. J., in *Frank* v. *Pickens*, 69 Ala. 369, makes the following sensible statement:

"The tender having been made, there is a duty resting upon the party making it to keep the money safely, ready to pay it over whenever the other party may manifest his willingness to accept it. A neglect of the duty or disabling himself from performing it is an abandonment of the tender. And, when the benefit of the tender is claimed in court, the money must be produced and placed in the custody of the court, so that, if the tender is adjudged good, the money may be awarded to the party to whom it is then ascertained to belong rightfully. *Smith* v. *Phillips*, 47 Wis. 202, 2 N. W. 285.

If the defense of appellant is made to square with this announcement of the law, then he has certainly failed to measure up to the requirements; he did not keep his tender good; he did not bring the money into court; and for all this court now knows he may not be able to pay the balance admitted to be due.

We are not called upon in this action to say what the rights of appellant may be. He might well have gone into equity and enjoined the sale, tendering into court at the time the amount due, and thereby prevented the very sale here complained of. He may yet have his right of redemption in the proper form. As to this we express no opinion.

It might also be observed that appellant made no tender to the trustee before or on the day of sale. The trustee is a disinterested party, selected by the parties themselves. He has a duty to perform. If a tender of the correct amount had been fairly made to the trustee, he could and should have accepted the money. Instead of keeping good the tender, appellant sits idly by while the trustee advertises his home for sale and suffers a sale to be concluded and a conveyance

made.   The deed of trust, the solemn contract of the
parties, should not and cannot be so easily abrogated.
So long as the lien existed the trustee had the right
to foreclose.   Having the right to foreclose, he had the
right to sell in accord with the terms of the instrument.
This he did.   There is no   showing   of   oppression   or
fraud.   Appellee was not required to explain why the
tender was refused, because the court excluded the
testimony of appellant, rendering it unnecessary for
appellee to rebut or explain.   The only particle of evi-
dence upon which to predicate fraud is the testimony of
appellant that appellee refused his one, single offer to
pay in December, after the debt was due, and at least
a month before the trustee began action.

*Affirmed.*

COOK and POTTER, JJ. (dissenting).   We are unable to
agree with the majority in this case.   This action was
begun by the appellee under chapter 147, Code of 1906—
"Unlawful Entry and Detainer."   The case reached the
circuit court, and the jury was directed to find for the
plaintiff, appellee here, and from this judgment defend-
ant prosecuted this appeal.

The plaintiff relied on a trustee's deed to support
its claim to possession of the land.   Plaintiff was en-
gaged in the mercantile business, and to secure advan-
ces to be made by it to defendant, defendant executed
a deed of trust on the land.

The record shows that the land was advertised for
sale in accordance with the terms of the deed of trust,
and that appellee became the purchaser at said sale.
The record shows that appellant then conveyed the land
to a third party, and this party, before the institution
of this suit, reconveyed the land to appellee.   At the
trial the defendant proved that he had paid to plaintiff
a part of the indebtedness secured by the deed of trust,
and tendered the balance due to plaintiff before the

land was advertised for sale; but the defendant refused
to accept same.  This was not denied.  The court never-
theless, at the request of plaintiff, excluded all of this
evidence as incompetent and irrelevant, and instructed
the jury to find for plaintiff.

So we have here this question: Admitting that ap-
pellant tendered to his creditor all that was due the
creditor upon the secured indebtedness, will the courts
permit the *cestui que trust* to put him out of the posses-
sion of his land? The title of this land is not involved in
this proceeding, but nevertheless plaintiff must rely
on his title deed from the trustee to establish his right
to possession of the land.  Plaintiff is a *cestui que trust*,
and also a vendee, and the charge here is that the plain-
tiff obtained a deed to this land by fraud or stratagem;
that the deed of trust could not have been foreclosed
unless the conditions were broken; that the defendant
did all that the contract required him to do when he
tendered to the plaintiff all that was due him.  The
plaintiff says that this question cannot be adjudicated
in this purely statutory proceeding; that the defendant
must invoke the aid of the chancery court; that the
sale by the trustee and the conveyance of the land are
all regular on their face, and for this reason this court
cannot go behind the deed and inquire into the good
faith of the *cestui que trust* and vendee.  In other
words, no matter how gross may have been the fraud
practiced on the defendant, this court is powerless to
grant relief in this proceeding.  This contention has
the approval of our learned Associates.

Has the right of the owner of this land expired by
the terms of his contract? If the defendant is to be
believed—and for the purposes of this appeal we must
take his version of the facts as the absolute truth—the
plaintiff arbitrarily and unconditionally refused to ac-
cept payment of the debt secured by the deed of trust,
procured the land to be advertised and sold by the
trustee, and obtained a deed for same.  If a plaintiff

may, under the statute, recover possession of land from one who has deprived him of possession "by force, stratagem, stealth," why is it that the party in possession may not defend his right to remain in possession against a person who is seeking to oust him by the same means?

The merchant was not authorized by the deed of trust to procure a sale of the land if the defendant had paid him the secured debt; but it is stated by this court that, although he refused to accept the tender of payment of the indebtedness, he may procure a sale of the land, buy it in, take a deed, and oust the defendant in a court of justice, because he has elected to invoke a statutory remedy whereby all inquiries concerning the validity of his title are shut off. Our Associates say: You have a remedy—the chancery court. In this court, your right to hold this land will not be heard. Your right to hold this land has not expired, but you will have to go into another court for relief. In *Williams* v. *Simpson,* 70 Miss. 113, 11 So. 689, this court held, in a proceeding like this, that the defendant could show that the plaintiff, a merchant, had defrauded the state in its revenues, by failing to pay his privilege tax, and that the deed of the trustee was for this reason invalid.

In the present case defendant has proven that plaintiff resorted to a flank movement—a stratagem—refused to take the pound of flesh, preferring the real estate. This is the proof, because it is not denied, but admitted, for the purposes of this appeal.

We find ourselves unable to approve plaintiff's ideas of justice by law. The remedy employed in this case was not designed to settle the title of real estate, but the lack of right to possession may be shown by destroying the title deed which is the basis of the claim to the right of possession. The right of defendant to the possession of the land did not expire by the terms of the contract until he had defaulted in the payment of the debt secured by the contract. A default was a condition prece-

dent to the trustee's power to foreclose. The merchant is demanding that he be put in possession of the land upon the theory that there has been a default in the payment of the debt, which default came about by his refusal to accept payment.

We are of opinion that evidence of defendant should not have been excluded; that his evidence established a complete defense to the action; that plaintiff, when it asked that defendant's testimony be excluded, admitted its truthfulness; that plaintiff cannot recover the possession of the land by the artifice of refusing to accept payment of his claim, and by thus obtaining a trustee's deed to the land, which deed forms the basis of his claim to the possession of the land.

Much is said in the opinion of the majority about the tender of payment not being a discharge of the lien. No one has suggested that the lien of the trust deed was discharged by the tender, and this part of the opinion of the court merely amounts to the utterance of an undisputed principle of law in a very solemn way, and, like "the flowers that bloom in the spring," has nothing to do with the case. The learned judge speaking for the court says: "Appellant's offer to pay, according to his testimony, was in December, after there was a default in payment." The fact nevertheless remains that he tendered payment before the sale, and was not then in default. Again, it is said that the defendant did not continue to make a tender. We take it that it was not incumbent upon the defendant to tender and continue to tender payment, when it appears that plaintiff arbitrarily and unconditionally refused to accept payment. The law never requires the doing of a vain thing. This is not an equitable defense; it goes to the very heart of the contract. The plaintiff's trustee was without power to sell unless there was a breach of the covenant—a default in payment of the debt secured by the contract.

We believe that every principle of law and common justice was violated when defendant was not permitted

to tell the jury that he tendered performance and plaintiff refused to accept performance; that he did everything in his power to perform. There is nothing peculiar about this action which requires the courts to favor creditors who are seeking an unfair advantage. True, the doors of chancery are wide open to all, provided always that he who enters there must be able to pay the price, if he expects to obtain a restraining order. We can see no reason why this defense of tender should be barred in this summary proceeding. Let us suppose that defendant may now go into the chancery court; what will he prove to support his bill for cancellation of appellee's deed? Why, of course, fraud, artifice, and stratagem—an unconscionable refusal to accept payment to the uttermost farthing of the debt secured by the foreclosed trust deed. That is exactly what he offered to prove in this action, and exactly the proof plaintiff must make to maintain his claim to possession. Appellee, by the decision of this court, takes shelter behind his fraudulent trustee's deed, and by the aid of this court uses same to enter into possession, and we are told that the defendant must go into some other court and there receive a fair deal, but in this court, selected by his adversary, the doors of justice may not be unlocked. Again we beg leave to dissent.

This holding of our Associates is merely the relic of an archaic procedure when judicial hairsplitting was in fashion; and we respectfully submit that modern courts should render justice, and especially so when the statute applicable here was not, in our opinion, designed to give to plaintiff a weapon of offense and deny to the defendant the use of the same weapon for purposes of defense.