STATE *ex rel.* WEEMS *v.* UNITED STATES FIDELITY & GUAR-
ANTY CO.

(Division B.  May 19, 1930.)

[128 So. 502.  No. 28504.]

Paul B. Johnson and Jno. R. Tally, both of Hattiesburg, for appellant.

Stevens & Heidelberg, of Hattiesburg, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant brought this action against appellee in the circuit court of Forrest county on the official bond of S. H. Stewart, sheriff of Pearl River county, on which bond appellee was surety, charging a breach of the bond on the part of said sheriff, in that he, acting by color of his said office, through two of his deputies, unlawfully arrested, assaulted, and imprisoned appellee. Stewart, the sheriff, principal in the bond, was not made a party to the action, appellee, the surety, alone being sued.

To the declaration the appellee filed a plea in abatement, in which it is averred that Stewart, the sheriff, who

had not been made a party to the suit, had not died or removed, and could be found and served with process, being a resident citizen of Pearl River county, in this state, and that his liability on the bond had not been first fixed. The plea in abatement was based on section 4663, Code of 1906, section 3285, Hemingway's Code of 1927. Appellant demurred to the plea in abatement, the demurrer was overruled, appellant declined to plead further, and thereupon final judgment was entered, abating the action. From that judgment, appellant procured an appeal.

The statute, section 4663, Code of 1906, section 3285, Hemingway's Code 1927, upon which the plea in abatement was based, is in this language: ''The remedy upon sheriff's bond shall be joint and several against all or any one or more of the obligors; but in all suits thereon against the surety or sureties, the liability of the sheriff shall be first fixed, except when the sheriff is a party to the suit, has died or removed or is not found.''

It will be observed that the statute provides that the remedy on a sheriff's bond shall be joint and several against all or any one of the obligors. But it is provided in plain and unmistakable language that in an action on the bond against the surety or sureties thereon, the liability of the sheriff shall be first fixed, unless he is made a party to the suit, has died, removed, or cannot be found. What does the language, ''the liability of the sheriff shall be first fixed,'' mean? Does it mean ''fixed'' by a judgment of the court in an action against the sheriff; or by evidence in an action against his surety or sureties, to which he is not a party? We think the last two clauses of the statute answer this question. The first provides that where the sheriff is a party to the action, with the surety, it shall not be necessary that his liability be first fixed; and the other clause provides that it shall not be necessary for his liability to be first fixed where he has died or removed or is not found. It is manifest from the

statute that the word "fixed" is used in the sense that the liability of the sheriff should first be ascertained by a judgment of the court in an action to which he was a party.

Appellant contends that the controlling statutes are section 2683, Code of 1906, section 2324, Hemingway's Code of 1927, and section 3734, Code of 1906, section 3112, Hemingway's Code of 1927. These two sections follow:

"2324. *Judgment Against One Does Not Affect Rights Against the Other.*—In any action founded on a joint or joint and several bond, covenant, bill of exchange, promissory note, or other contract, or on a contract of liability of copartners, it shall be lawful to sue any one or more of the parties liable on such bond, covenant, bill of exchange, promissory note, or other contract or liability; and separate suits may be brought against the representatives of such of the parties as have died, or joint suits may be brought against the representatives of the deceased party and those who are alive and bound therein; and the rendition of judgment against one or more joint or joint and several debtors shall not affect any right of the plaintiff as to the other parties, unless satisfaction has been obtained."

"3112. *Surety or Indorser. When Sued Alone, Must Notify Principal and Make Defense.*—A surety or indorser shall not suffer judgment or a decree to be rendered against him by confession or default, without the consent of the principal debtor. And a surety or indorser who shall be sued alone, shall give notice of the suit to the principal debtor, if resident in this state, and if he have knowledge or information of any defense to the action which the principal debtor has, he shall make such defense; and if a surety or indorser, when sued alone, fail to give such notice to the principal debtor, in case he be a resident of this state, or to make such defense in the action of which he has knowledge or information, he shall be barred of all recovery against the prin-

cipal debtor in case the principal debtor have at the time a good defense to the action of the creditor.''

These statutes should be construed in connection with section 4663, Code of 1906, section 3285, Hemingway's Code of 1927. Statutes apparently conflicting should be so construed, if it can reasonably be done, as to harmonize with each other. Darnell v. Johnson, 109 Miss. 570, 68 So. 780; Holly Springs v. Marshall County, 104 Miss. 752, 61 So. 703; Grocery Co. v. Lindsey Wells Co., 103 Miss. 468, 60 So. 580; Ascher v. Moyse & Co., 101 Miss. 36, 57 So. 299; Dugger v. Board of Supervisors, 139 Miss. 552, 104 So. 459; Coker v. Wilkinson, 142 Miss. 1, 106 So. 886; Board of Supervisors v. City of Meridian, 149 Miss. 139, 114 So. 803. Applying that principle, we are of opinion that there is no difficulty in reconciling these three statutes. The last two statutes referred to are general, they lay down a general rule, applicable to all that come within their provisions. While the statute first above copied is special, and takes actions on sheriffs' bonds out of the general rule. There is no conflict between the statutes, they are simply read into each other—they can all stand up together.

Appellant contends further that to so construe these statutes would render the first one violative of the Fourteenth Amendment to the Federal Constitution, in that the separate classification of actions on sheriffs' bonds would be without any reasonable basis. We do not think there is any merit in this contention. The public is interested in the proper and efficient performance by sheriffs of their official duties. Suits against them, growing out of their official acts, might have a tendency to interfere with their efficiency as public officials. For these reasons we think there was sufficient basis for the favored classification made by the statute in question.

Affirmed.