HUFF *et al. v.* MURRAY.

(Division A. Jan. 7, 1935.)

[158 So. 475. No. 31474.]

Harry Buchanan and Cephus Anderson, both of Hattiesburg, for appellants.

**A. F. Kelly**, of Hattiesburg, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

This is an action of unlawful entry and detainer under section 3456, Code 1930. It was begun in a county court (which had jurisdiction thereof under section 693, Code 1930), wherein a judgment was rendered for the plaintiff, which, on appeal to the circuit court, was affirmed.

The appellants objected to being put to trial "for the reason that process was issued and served on them within five days prior to the present term of court," and therefore the case was not triable until the next term

thereof. The contention thus presented is determinable under section 3461, Code 1930, which provides that the warrant to be issued on the complaint "shall be made returnable on a day certain, not less than five days nor more than twenty days after its date," with which the warrant complied. The declaration recites that "J. S. Murray, by his attorney, complains that B. E. Huff and Mrs. Jessie Huff unlawfully withhold from him the possession of certain lands described as follows," and, after describing the lands, concludes with the words, "whereof he prays the possession." This declaration seems to be objected to on the ground that it discloses that possession is withheld, not from the client, but from the attorney, but we do not so understand it. The affidavit to the declaration is in these words: "This day the above named A. F. Kelly, attorney for J. S. Murray, made oath before me that the allegations of the above complaint are correct and true."

The sufficiency of this affidavit is questioned on the ground, as we understand the argument of counsel, that it does not disclose that the facts sworn to were within the personal knowledge of the affiant, citing in support thereof Downing v. Campbell, 131 Miss. 137, 95 So. 312, wherein the affidavit recites that it was made by Mrs. L. G. Campbell, and the signature thereto is, "Mrs. L. G. Campbell, by R. H. Kirby, Agent and Attorney." Mrs. Campbell did not, in fact, swear to the affidavit, and the court held that, if the oath was made by the attorney, it was insufficient for the reason that "The affidavit . . . must be personal; that is to say, it must be the act of the person making it. One man cannot swear for another."

Section 746, Code 1930, provides that, "In all cases where the oath or affirmation of the party is required, such oath or affirmation may be made by his agent or attorney, and shall be as effectual for all purposes as if made by the party."

If made on information, the affidavit must disclose whether the information is that of the affiant, and also, if made on knowledge, whether the knowledge is that of the affiant. Waller v. Shannon, 53 Miss. 500; Burks v. Burks, 66 Miss. 494, 6 So. 244. Neither the declaration nor the affidavit recite that their allegations of facts are made on information, and, from the language of the affidavit, we must presume it was sworn to on the knowledge of the affiant.

In support of his right to the possession of the land, the appellee introduced in evidence a duly executed and acknowledged deed from A. F. Kelly, trustee, conveying the land to him, and reciting that it was made pursuant to a sale under a deed of trust executed by the appellants to the appellee, and evidence that B. E. Huff and wife are living on the land. The appellants introduced no evidence.

This deed was introduced over the appellants' objection, the grounds of which are (1) it was not recorded until after the filing of appellee's declaration; and (2) no copy thereof was filed as an exhibit to the declaration.

The deed was executed before the institution of this suit, and therefore the appellee had title to the land and the right of possession thereof when the suit was instituted. The recording vel non of the deed is of no consequence here.

Section 526, Code 1930, provides that, "In actions founded on any writing, a copy of such writing . . . shall be annexed to or filed with the declaration." Section 527 of the same Code provides that a copy of any writing, of which profert is made, or ought to be made in any pleading, shall be annexed to or filed with the pleading.

We will assume, but merely for the purpose of the argument, that this deed is within the provisions of these sections, which, under section 474 of the same Code, apply in all courts. This last section must, of course, be

construed as if it read, "unless otherwise herein provided," or language to the same effect.

Section 3458, Code 1930, expressly provides the form of the declaration or complaint in an action of unlawful entry and detainer, and contains no language referring to any written instrument as constituting a foundation for the complaint, thereby negativing the necessity of such an allegation, and therefore also the necessity of filing such an instrument as an exhibit to the declaration or complaint. But the appellants further say that this deed alone is insufficient to show a right of possession in the appellee.

The recitals in this deed are prima facie correct (Tyler v. Herring, 67 Miss. 169, 6 So. 840, 19 Am. St. Rep. 263, and Smith v. Williams-Brooke Co., 111 Miss. 393, 71 So. 648), and therefore, in the absence of evidence to the contrary, constitute sufficient evidence of the appellee's right to the possession of the land as against the appellants.

Finally, the appellants say that the evidence is insufficient to show that they are in possession of the land. The ground of the objection is, "There is no proof to the effect that Mrs. Jessie Huff is the wife of B. E. Huff, or that she lives upon or is in possession of the land."

Putting this criticism of the evidence to one side, the appearance of the appellants and their participation in the trial is an admission, in the absence of evidence to the contrary, that they are withholding the land from the appellee.

The judgment of the court below will be affirmed.

Under section 3387, Code 1930, the appellee is entitled to a judgment here for damages on the appeal bond at the rate of five per centum on the value of the land in question. The only evidence of the value of the land is the recital in the trustee's deed of the amount bid by the appellee at the trustee's sale. This is insufficient. The

appellants were not required, in the court below, to introduce any evidence whatever as to the land's value. The case must therefore, under section 3388, Code 1930, be remanded to the court below for the ascertainment of the value of the land by means of a writ of inquiry therefor.

It has been made known to this court that W. L. Carter, one of the sureties on the appellants' appeal bond, died while the appeal was pending, and that Pearl R. Carter has been duly appointed the administrator of his estate. Under section 761, Code 1930, therefore, the usual judgment will be rendered on the appeal bond, except that, as to W. L. Carter, a judgment nisi will be rendered against Pearl R. Carter, his administrator and personal representative, for whom a citation will be issued returnable to the next rule day of this court, to show cause why the judgment should not be made final. So ordered.