HOLYFIELD et al. v. STATE, TO USE OF ADAMS.

(In Banc. Dec. 14, 1942.)

[10 So. (2d) 841. No. 35115.]

**W. E. McIntyre** and **H. H. Bullock**, both of Brandon, for appellants.

John G. Burkett and J. Ed Franklin, both of Jackson, for appellee.

Roberds, J., delivered the opinion of the court.

Appellee, Rosa Adams, as administratrix of the estate of Eddie Adams, deceased, seeks, as complainant in this bill, to recover of defendants, Holyfield and the United States Fidelity & Guaranty Company, a nonresident corporation, surety on Holyfield's bond, as sheriff of Rankin County, Mississippi, damages for the death of Eddie Adams caused, it is alleged, by a wrongful and tortious act of said Holyfield committed as such sheriff in Rankin County.

The bill was filed in Pike County and joined as garnishee-defendants certain residents of that county, who were engaged in the insurance business therein, the bill averring that said resident defendants were indebted to, or had in their possession property or effects of, said nonresident surety.

The resident defendants, by answers, denied indebtedness to, and possession of property or effects of, said surety, accompanying their answers with motions to quash and dismiss the attachment on that ground. Testimony was taken upon this preliminary factual issue. No point is made on that procedure. The chancellor overruled the motions. That holding is assigned here as error. Without detailing the evidence, we think, in the present state of the record-proof and in view of Section 5228, Mississippi Code of 1930, the finding of the chancellor was correct.

Holyfield and his bondsman and two other defendants, residents of Rankin County, made a motion to change the venue of this suit to Rankin County, on the ground that Holyfield is the principal defendant, and that he is a householder and a resident citizen and the sheriff of

Rankin County, in which county the wrong, if there be a wrong, was committed. The chancellor denied the motion.

Section 363, said Code, defining the venue of suits in chancery, after specifying the venue under particular conditions, none of which cover the situation here, says "and all cases not otherwise provided may be brought in the chancery court of any county where the defendant, or any necessary party defendant, may reside or be found."

Chapter 248, General Laws of Mississippi 1940, page 417, provides: "Venue of actions, what county generally —actions against public officer to be brought in county of his residence. . . . If a citizen resident in this state shall be sued in any action, not local, out of the county of his household and residence, or if a public officer be sued in any such action, out of the county of his household and residence, although a surety or sureties, or some of the sureties, on his bond, or other joint defendant, sued with him, be found or be subject to action in such county, the venue shall be changed, on his application, . . . to the county of his household and residence." This Act amended Section 495, Code of 1930, which is in Chapter 12 under the heading "circuit courts." However, Section 474 of said Code, under the same heading, provides: "All things contained in this chapter, not restricted by their nature or by express provision to particular courts, shall be the rules of decision and proceeding in all courts whatsoever."

In Palmetto Fire Ins. Co. v. Allen, 141 Miss. 681, 105 So. 482, 769, and Thomas v. Rosenberg & Sons, 153 Miss. 314, 120 So. 732, and Huff v. Murray, 171 Miss. 656, 158 So. 475, this court held that Section 526 of Chapter 12 on circuit courts, requiring that there shall be annexed to or filed with the "declaration" a copy of any writing on which the action is founded, with the names of the subscribing witnesses, applies to chancery courts, and

the last two cases held that Section 527 of said Chapter 12, requiring that a copy of any writing of which profert is, or ought to be, made shall be annexed to the pleading also applies to the chancery court. In Shackelford v. New York Underwriters Ins. Co., 189 Miss. 396, 198 So. 31, we held that Section 520, under said chapter on circuit courts, providing that the manner of commencing an action is by filing in the office of the circuit clerk a declaration, on which a summons for the defendant shall be immediately issued, is applicable to suits in chancery.

We think this case is not restricted by its nature to law courts and that it is taken from under Section 363 by Chapter 248, supra, and that said chapter is applicable to this proceeding. Reason supports this conclusion. The office of sheriff and the proper performance of his duties are very important to the public welfare. If he could be sued in any county where some one may owe, or have property of his bondsman, then he could be forced to any and all parts of the state defending litigation, with or without merit, and be greatly hampered in the discharge of his official duties. State ex rel. Weems v. United States Fidelity & Guaranty Co., 157 Miss. 740, 128 So. 503. See, also, City of Jackson v. Wallace, 189 Miss. 252, 196 So. 223. The motion for change of venue should have been granted.

The contention is also made by demurrer, overruled by the lower court, that this attachment will not lie because the bonding company is not a debtor of the complainant as is required by Section 173, Code of 1930, as a foundation of the right of attachment against a nonresident; that if anyone is indebted, or liable, to complainant, it is Holyfield; that his liability must be first determined and fixed by a decree or judgment before there is a debt or liability against his surety. That might be correct, depending on the provisions of the bond. (Travelers' Ins. Co. v. Inman, 157 Miss. 810, 126 So. 399, 128 So. 877). except for Section 3309, said Code, which is a special

statute applying only to sheriffs and their bondsmen, and which statute reads:

"The remedy upon sheriff's bond shall be joint and several against all or any one or more of the obligors; but in all suits thereon against the surety or sureties, the liability of the sheriff shall be first fixed, except when the sheriff is a party to the suit, has died or removed or is not found."

In the Weems case, supra, we held that this separate classification of actions on sheriffs' bonds had a reasonable basis therefor, and that this section is constitutional and valid. It was also said in that case, as bearing on the point under consideration, ". . . that where the sheriff is a party to the action, with the surety, it shall not be necessary that his liability be first fixed." [157 Miss. 740, 128 So. 504.] Section 3309 was incorporated into and became a part of the bond. The holding of the court below in this regard was correct.

Affirmed in part, reversed in part, and order entered here accordingly.

**Smith, C. J.**, delivered a separate concurring opinion.

I concur in the several rulings here made but I am not in accord with the reason given for holding that the court below committed no error in overruling the local defendants' motions to dismiss the bill of complaint as to them. These defendants by answers denied that they were indebted to the nonresident defendant surety company or had property or effects belonging to it in their possession. This made an issue of fact. Cases under Section 173 of the Code of 1930 are to be tried in the same way as other chancery cases are, and the two issues, (1) whether the nonresident defendant is indebted to the complainant; and (2) whether the defendants joined with him on an allegation in the bill of complaint that they are indebted to him are in fact so indebted, should be tried together

and not separately. The court below did not follow this procedure but permitted these co-defendants to introduce evidence in support of their motion to dismiss the bill of complaint as to them. This evidence was pointed only at whether these co-defendants were the agents of the non-resident defendant for whom they solicited business under the direction and control of one of its agents to whom they claimed they were responsible for premiums collected by them on bonds executed for it by this agent. This may or may not be true, but if it is, that fact does not negative the allegation of the bill of complaint that they are indebted to this nonresident defendant. The question is whether they are so indebted, how the indebtedness arose being one of the minor questions therein. I am unable to perceive what relevancy Section 5228 of the Code has here.