# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-00536-SCT

*MIKE MOORE; PHILLIP MARTIN, THE
MISSISSIPPI BAND OF CHOCTAW INDIANS;
THOMAS E. JOLLY, JR.; N. L. CARSON; ROBERT
ROGERS; AND H. EAGLE DAY*

*v.*

*BELL CHEVROLET-PONTIAC-BUICK-GMC, LLC;
BILL ETHRIDGE LINCOLN MERCURY, INC.; DON
DAVIS CHEVROLET, INC.; ED DAVIS MOTORS,
INC.; GRIFFIS FORD-MERCURY, INC.; KILLENS
CHEVROLET-OLDSMOBILE-PONTIAC, INC.;
MARSHALL FORD COMPANY, INC.; STARKVILLE
FORD-LINCOLN-MERCURY, INC.; TOM BROOKS
AUTO SALES INC.; AND TRIPLE M MOTORS, INC.*

### CONSOLIDATED WITH
### NO. 2002-M-00531-SCT

*MIKE MOORE; THOMAS E. JOLLY, JR.; N. L.
CARSON; ROBERT ROGERS AND H. EAGLE DAY*

*v.*

*BELL CHEVROLET-PONTIAC-BUICK-GMC, LLC;
BILL ETHRIDGE LINCOLN MERCURY, INC.; DON
DAVIS CHEVROLET, INC.; ED DAVIS MOTORS,
INC.; GRIFFIS FORD-MERCURY, INC.;
MARSHALL FORD COMPANY, INC.; STARKVILLE
FORD-LINCOLN-MERCURY, INC.; TOM BROOKS
AUTO SALES, INC. AND TRIPLE M MOTORS, INC.*

DATE OF JUDGMENT:           3/22/2002
TRIAL JUDGE:                HON. THOMAS L. ZEBERT
COURT FROM WHICH APPEALED:    RANKIN COUNTY CHANCERY COURT

ATTORNEYS FOR APPELLANTS:      GLENN STURDIVANT SWARTZFAGER
                               PETER W. CLEVELAND
                               JAMES P. STREETMAN
ATTORNEYS FOR APPELLEES:        DAVID SANDERS HUMPHREYS
                               J. KEVIN WATSON
                               W. ROBERT JONES
NATURE OF THE CASE:            CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                   REVERSED AND RENDERED - 01/15/2004
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE SMITH, P.J., EASLEY AND GRAVES, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

**STATEMENT OF THE CASE**

¶1.     On January 4, 2002, the Mississippi Band of Choctaw Indians (the M.B.C.I.) applied to the

Mississippi Motor Vehicle Commission (the Commission) for a dealership license to purchase and operate

Frontier Ford, an automobile dealership located in Leake County, Mississippi.  On February 20, 2002,

the Commission voted to grant a dealership license to the M.B.C.I.  The Mississippi Automobile Dealers

(the Dealers) petitioned, on February 22, 2002, for and were granted a hearing before the Commission

on their objection and verified complaint filed with the Commission.  The complaint sought revocation of

the license issued to the M.B.C.I.

¶2.     In this separate action, the Dealers also sought the equitable relief of discovery in the Chancery

Court of Rankin County in conjunction with the administrative proceeding before the Commission by filing

a complaint for discovery on March 6, 2002.  In the complaint for discovery, the Dealers sought discovery

from Attorney General Mike Moore (Moore)[1], Chief Phillip Martin (Chief Martin) of the M.B.C.I., three

of the Commission's commissioners, Thomas E. Jolly, Jr. (Jolly), N. L. Carson (Carson), and Robert

_____

[1] While Jim Hood succeeded Mike Moore as Attorney General of Mississippi on January 8, 2004, we refer to Mike Moore for the sake of simplicity.

2

Rogers (Rogers), and the Commissions' executive director, H. Eagle Day (Day), collectively known as "the Defendants." On March 22, 2002, the chancellor ordered that venue was proper in Rankin County and granted the Dealers' request for discovery. The Defendants filed a Motion for Reconsideration and for Other Relief and a Memorandum of Law in support of their motion on April 1, 2002. On the same day, the Dealers propounded their written discovery requests to the Defendants.

¶3. On April 3, 2002, the Dealers filed a motion to compel discovery and response to the motion for reconsideration, and simultaneously, noticed depositions of Day, the M.B.C.I. and Moore. The trial court entered its order on April 4, 2002, denying the motion to reconsider and the Defendants' request to stay the decision pending appeal.

¶4. On April 5, 2002, the Defendants filed a notice of appeal to this Court, along with a motion seeking an emergency stay of the trial court's discovery order. This Court issued a temporary stay. The Dealers filed an opposition to the emergency stay, and this Court subsequently entered a second order which stayed the chancellor's discovery order pending the outcome of this appeal. The Dealers state that this Court's ruling in effect ended their discovery attempts and overruled the trial court's ruling.

¶5. On April 17, 2002, the Dealers proceeded with their hearing before the Commission without the benefit of discovery, and the Commission denied the relief requested by the Dealers. The Commission's decision was not appealed, and the applicable statutory time period for appeals has expired.

¶6. On appeal from the Chancery Court of Rankin County, the Defendants raise the following issues:

I. **Whether this matter which is moot on its face fits within the doctrine of capable of repetition yet evading review.**

II. **Whether venue was proper in Rankin County.**

III. **Whether the administrative proceeding before the Commission for which discovery was sought in this ancillary action was invalid.**

3

**IV.     Whether a complaint for discovery was proper in this instance.**

**V.     Whether the information sought was protected.**

## DISCUSSION

**I.     Mootness**

¶7.     The M.B.C.I. has already been granted its license to purchase and operate Frontier Ford.  The Commission's order which denied the relief requested by the Dealers was filed on April 17, 2002.  No appeal was taken from that decision.  Therefore, we consider whether this appeal from the chancery court's judgment in the action for discovery is now moot.

¶8.     The Defendants and the Dealers request that this Court address the issues raised on appeal even though the parties admit that this appeal will have no bearing on the Commission's hearing for which the discovery was sought as the dealership license was granted to the M.B.C.I.  The Dealers argue that the Court should decide the appeal in order to provide "further guidance regarding the interplay between administrative proceedings."  Likewise, the Defendants contend that the issues are not moot and seek review by this Court on appeal, stating:

> [T]here is no doubt that the Attorney General may in the future be the subject to a bill of discovery in an administrative hearing.  Furthermore, the matter is of great public interest in that it involves significant questions concerning the administration of justice regarding venue, the validity of the administrative proceedings in question and the applicability of the different privileges raised in the case at bar.

¶9.     The parties ask this Court to address the issues raised on appeal under the "capable of repetition yet evading review" exception to the mootness doctrine relied on by this Court in *State Oil & Gas Bd. v. McGowan*, 542 So.2d 244 (Miss. 1989).  *McGowan* involved a complaint for discovery filed in the Chancery Court of Hinds County, requesting discovery from the Board in connection with a pending matter before the Board.  *Id*. at 245.

4

¶10.    In *McGowan*, this Court found that even though the hearing on the discovery bill had already been held, "and that question is now moot as to this suit," this issue should be addressed as within the exception to the mootness rule where the activity is of short duration, but the length of time required to file an appeal is lengthy." *Id*. at 249. The Court stated that the "issue [was] capable of repetition, but would otherwise evade judicial review." *Id*. at 250 (citing **Bd. of Trustees of Pascagoula Mun. Sep. Dist. v. Doe**, 508 So.2d 1081 (Miss. 1987); **Strong v. Bostick**, 420 So.2d 1356 (Miss. 1982)).

¶11.    Therefore, this Court finds that this case clearly falls within the criteria established in *McGowan* to qualify as an exception to the mootness rule and should be addressed.

## II.    Venue

¶12.    In the trial court's order dated March 22, 2002, venue was determined to be "proper in Rankin County, regardless of whether this is a suit against Mike Moore in his official capacity, because Mike Moore is 'householder and resident citizen' of Rankin County."

¶13.    The trial court relied on **Bd. of Trustees of State Insts. of Higher Learning v. Van Slyke**, 510 So.2d 490 (Miss. 1987), and **Holyfield v. State Adams**, 194, Miss. 91, 10 So.2d 841 (1942), in reaching its decision. The standard of review employed by this Court in reviewing claims of improper venue is abuse of discretion. **Bobby Kitchens, Inc. v. Miss. Ins. Guar. Ass'n**, 560 So.2d 129, 135 (Miss. 1989). The Defendants argue that venue should have been in Hinds County where the Attorney General's office is located. The Dealers contend that the complaint for discovery was not an official capacity suit. The Dealers further argue that even if it was an official capacity suit against Moore, venue was proper in Rankin County because it is where he resides.

¶14.     In *Van Slyke*, this Court rejected Van Slyke's argument that venue was proper in any county where the defendant Board did State business by stating that "no venue statute is so broad." *Van Slyke*, 510 So.2d at 493.  In rejecting Van Slyke's argument, the Court determined that since the conduct of the Board affects all of the people in Mississippi and it does business in all eighty-two counties, the Board could be subject to defending suits in all eighty-two counties.  *Id*.  The Court held that in an action against the Board which is a "public body" located in Hinds County, venue did not lie in Forrest County because the Board conducted business in Forrest County and remanded the case for an order removing the case to Hinds County.  *Id*. at 492-93.  The Defendants contend that the *Van Slyke* decision regarding venue did not turn on the residence of the individual defendants, but rather upon where the Board was located.  While it is true that the Court determined Hinds County to be the proper venue because it is where the Board is located, the Court did note that Van Slyke's complaint also set forth the names of various parties, the trustees and the executive secretary, none of whom were residents of Forrest County.  *Id*. at 492.

¶15.     In *Holyfield*, Rose Adams, as administratrix of the estate of Eddie Adams, filed suit against Holyfield and the United States Fidelity & Guaranty Company (USF&G), a non-resident corporation, surety on Holyfield's bond as Sheriff of Rankin County, to recover damages for the death of Eddie allegedly cause by a wrongful act attributed to the Sheriff.  *Holyfield*, 10 So.2d at 841-42.  Certain residents of Pike County were joined as garnishee defendants based on the allegation that they were indebted to, or had in their possession property on effects of, the non-resident surety.  *Id*.  Holyfield and his bondsman and two other defendants, residents of Rankin County, made a motion to change venue to Rankin County.  *Id*. at 842.  The chancellor denied the motion.  *Id*.

¶16. This Court in *Holyfield* determined that the chancellor erred in not granting the change of venue, stating:

> The office of sheriff and the proper performance of his duties are very important to the public welfare. If he could be sued in any county where some one may owe, or have property of his bondsman, then he could be forced to any and all parts of the State to defend litigation, with or without merit, and be greatly hampered in the discharge of his official duties. *State ex rel. Weems v. United States Fidelity & Guaranty Co.*, 157 Miss. 740, 128 So. 503. *See, also*, *City of Jackson v. Wallace*, 189 Miss. 252, 196 So. 223.

¶17. The Defendants argue that *Holyfield* is not applicable to the case sub judice because of the Court reliance on Chapter 248, General Laws of Mississippi 1940, page 417. Chapter 248, as cited in *Holyfield*, provides:

> Chapter 248, General Laws of Mississippi 1940, page 417, provides: "Venue of actions, what county generally-**actions against public officer to be brought in county of his residence**.\*\*\* If a citizen resident in this state shall be sued in any action, not local, out of the county of his household and residence, or if a public officer be sued in any such action, out of the county of his household and residence, although a surety or sureties, or some of the sureties, on his bond, or other joint defendant, sued with him, be found or be subject to action in such county, the venue shall be changed, on his application, \*\*\* to the county of his household and residence,".

*Holyfield*, 10 So.2d at 842. (emphasis added).

¶18. As the Defendants note, *Holyfield* is distinguished as the statute, Chapter 248, was **not** carried forward to the Mississippi Code Annotated of 1972, and therefore, *Holyfield* is not applicable to the case sub judice.

¶19. M.R.C.P. 82(b) provides that "except as provided by this rule, venue of all actions shall be as provided by statute." *See also Flight Line, Inc. v. Tanksley*, 608 So.2d 1149, 1155 (Miss. 1992). Miss. Code Ann. § 11-5-1 (Rev. 2002) which governs the proper venue for an action filed in chancery court states:

> Suits to confirm title to real estate, and suits to cancel clouds or remove doubts therefrom, shall be brought in the county where the land, or some part thereof, is situated; suits against executors, administrators, and guardians, touching the performance of their official duties, and suits for an account and settlement by them, and suits for the distribution of personalty of decedents among the heirs and distributees, and suits for the payment of legacies, shall be brought in the chancery court in which the will was admitted to probate, or letters of administration were granted, or the guardian was appointed; other suits respecting real or personal property may be brought in the chancery court of the county in which the property, or some portion thereof, may be; **and all cases not otherwise provided may be brought in the chancery court of any county where the defendant, or any necessary party defendant, may reside or be found;** and in all cases process may issue to any county to bring in defendants and to enforce all orders and decrees of the court.

(emphasis added).

¶20.    In the Dealers' complaint, the discovery sought from Moore was information regarding a verbal agreement he had with the M.B.C.I. regarding its submission to the jurisdiction of the State of Mississippi. The Dealers alleged in the complaint that Moore had represented to their attorneys that the M.B.C.I. had submitted to the State's jurisdiction. The Dealers argue that such information was in the exclusive knowledge or possession of Moore, and Moore had denied the Dealers' request for a voluntary deposition. The Dealers' memorandum in support of their motion to compel discovery and response to the Defendants' motion for reconsideration, state "in the case of Mike Moore, we simply want to know the result of one of his **official actions**, namely what agreements he reached in his private dealings with the M.B.C.I." (emphasis added).

¶21.    The trial court's order stated that "whether this is an action against Mike Moore for acts conducted in his official capacity is, at the least, open for debate in that this action is merely a prayer for discovery of material information exclusively in the knowledge or possession of the named defendants, including Mike Moore." However, we find that clearly the information sought from Moore was information gathered in his official capacity as Attorney General. Without any question, the Defendants are correct that any

8

communication Moore had with the M.B.C.I. regarding the purchase and operation of Frontier Ford would have obviously not been personal in nature. *See **Brown v. Ford***, 112 Miss. 678, 73 So. 722, 723 (1917) (while a suit purported to be against the land commissioner, M.A. Brown, the decree was against the state in its sovereign capacity).

¶22.   Therefore, the issue before this Court is whether venue was proper in Rankin County on a complaint for discovery brought against the Attorney General's Office. Miss. Code Ann. § 11-45-1 (Rev. 2002) provides that:

> Any person having a claim against the State of Mississippi, after demand made of the auditor of public accounts therefor, and his refusal to issue a warrant on the treasurer in payment of such claim, may, where it is not otherwise provided, bring suit therefor against the state, **in the court having jurisdiction of the subject matter which holds its sessions at the seat of government; and, if there be no such court at the seat of government, such suit may be instituted in such court in the county in which the seat of government may be.**

(emphasis added).

¶23.   Clearly, the proper county in which to have sued the Attorney General's Office, which is a state agency, is the county in which the seat of government is located. Miss. Const. art. 4, § 101 states that the seat of state government shall be the City of Jackson which is located in Hinds County. Accordingly, this Court finds that venue should have been Hinds County. We find that the trial court erred in its determination that "venue [was] proper in Rankin County, regardless of whether this is a suit against Mike Moore in his official capacity." Venue should have been moved to Hinds County.

### III.    Validity of the Administrative Proceeding

¶24.   The Defendants argue on appeal that no statutory authority existed to support the Commission's decision that the Dealers had a right to intervene in the administrative licensing process. If the Dealers had no right to participate in the Commission's administrative hearing, the Defendants contend that the discovery

sought by the Dealers in trial court was not proper. In response, the Dealers argue that the Commission's decision to grant them a hearing was entirely proper and warranted under the applicable statutes involving proceedings before the commission. Both parties argue their interpretation of Miss. Code Ann. §§ 63-17-89 and 63-17-91, which provide for hearings before the Commission as well as Miss. Code Ann. § 63-17-99 which provides the procedure in which to appeal a decision rendered by the Commission.

¶25. Neither party appealed any decision rendered by the Commission. The Dealers were allowed a hearing on its objection to the issuance of the license, and the M.B.C.I.'s license to purchase and operate the dealership was not revoked. As the subject of this appeal is strictly limited to the complaint for discovery filed in the Chancery Court of Rankin County, this Court finds that this issue is not properly before the Court.

## IV. Complaint for Discovery

¶26. The Defendants contend that the trial court erred in finding that the Dealers' complaint for discovery was the proper avenue to obtain the requested discovery. The Defendants argue that the information sought by the Dealers could have been obtained by other sources and "less-intrusive means." The Dealers allege that the information they sought was in the exclusive possession of commissioners Jolly, Carson, and Rogers, executive director Day and Attorney General Moore. According to the briefs, they sought information from the aforementioned commissioners and director as to whether the makeup of the Commission met statutory requirements. The Dealers alleged a conflict of interest by the commissioners. The Dealers further sought information from Moore as to any verbal agreements he had entered into with the M.B.C.I. as Attorney General regarding a waiver of sovereign immunity as to state court jurisdiction and state taxation of the M.B.C.I.'s operation of the dealership.

10

¶27. The Defendants allege that there was no need for discovery from the commissioners because the information was readily available through obtaining the records and minutes recorded when the vote was taken. The Defendants state that the Commission's records, which speak for themselves, are kept by the Commission's Executive Director and are available to the public. Further, the Defendants argue that on March 15, 2002, the M.B.C.I. passed a resolution submitting to the jurisdiction of the Commission by its passage of a Tribal Council Resolution. They also argue that the tribal resolution spoke for itself, eliminating a need for discovery from Moore. The Dealers counter that the tribal resolution was only received just prior to the hearing on its complaint for discovery, and it still contained various inadequacies and uncertainties. On April 19, 2002, Chief Martin, on behalf of M.B.C.I., entered into a second tribal resolution which the Dealers contend addressed many of their concerns. The Dealers also argue that as a result of their efforts, a letter dated March 22, 2002, from Chief Martin was also sent to Moore, as Attorney General, as written confirmation to the earlier agreement, made as to state taxation of the dealership operation.

¶28. As to the request for discovery, the trial court ruled:

> [T]his action for discovery is the proper means for [the] Plaintiffs to obtain the discovery necessary for preparation of their case before the Mississippi Motor Vehicle Commission on April 17, 1002, and, without this discovery, [the] Plaintiffs' (sic) will be denied due process in these administrative proceedings and subsequent appeals, if necessary.

¶29. In the case sub judice, the Dealers sought relief in the trial court solely on the equity of the discovery. The Dealers did not seek to have the trial court assume jurisdiction of the whole controversy on the complaint for discovery. Watson, attorney for the Dealers, argued to the trial court that they experienced difficulty in obtaining a copy of the waiver of sovereign immunity.

¶30.    Cleveland, as attorney for the Attorney General's Office, sent letters dated February 25, 2002, February 26, 2002, and February 27, 2002, to Watson, attorney for the Dealers, indicate refusal by Day, Moore and Carson, respectively, to submit voluntarily to being deposed.

¶31.    In *McGowan*, this Court addressed the viability of maintaining a complaint for discovery in equity practice stating:

> The bill of discovery is one of the ancient bills used in equity practice...
>
> ....
>
> It is true that the nomenclature of the legal practice was changed by the abolition of the names of the old writs and procedural names. M.R.C.P. Rule 2. *See Dye v. State Ex Rel. Hale*, 507 So.2d 332, 337 n. 4 (Miss. 1987).... The power and authority of the Chancery Court to grant the substantive relief of "discovery" remains viable and available although it has been broadened and simplified by M.R.C.P. 26-37.
>
> ....
>
> Judicial review may be had of any final rule, regulation or order of the Board. Prior to an appeal from a final rule, regulation, or order, as contemplated by the statute, the Chancery Court has no jurisdiction to participate in the administrative process and it was error to do so when the effect amounted to an intervention in the pending proceeding. However, a litigant is not shut off from all remedies for discovery merely because the rules of civil procedure do not apply or because the role of the administrative agency do not promote it. In appropriate cases a "pure bill for discovery" will lie and statutory remedies may be available to the end that due process be afforded.

542 So.2d at 248-49.

¶32.    *Griffith Mississippi Chancery Practice* § 429 at 232 (2000 ed.), provides that "[t]he power and the authority of the chancery court to grant the substantive relief of 'discovery' is not only viable and available, but it has been broadened and simplified by the rules." (footnote omitted). *Griffith*, § 429 goes on to discuss the four requirements which must be present in order for the chancery court to assume jurisdiction of the whole controversy on a complaint for discovery when there are no other equitable issues present. However, as this is not the situation at hand, § 430 of *Griffith* provides guidance to the case sub judice.

¶33.  *Griffith* § 430, at 234 states in pertinent part:

> If the equity of the case depends solely upon the equity of the discovery, **the complaint must show that the plaintiff has been diligent and has made reasonable efforts to obtain the information**.  Accordingly, discovery is not available when it is not shown that the plaintiff has sought to obtain the information by other means, as where he has not called on a public officer who has the facts.  **Diligence is a general condition to any application to a court of equity.  It is not allowable to invoke the aid of the court to procure for the plaintiff that which by reasonable efforts he could himself procure without the court's aid.**
>
> One of the requisites to the plaintiff's showing of diligence ought to be – although the rule has not been so strict in actual practice – that he has applied to the defendant and that a material part of the information sought has been refused or withheld or has been untruly furnished.

(footnote omitted & emphasis added).

¶34.  This Court finds that the trial court erred in allowing the Dealers' complaint for discovery.  A complaint for discovery exists as a proper means to seek discovery in conjunction with administrative proceedings.  However, this Court finds that the Dealers did not demonstrate that they were diligent or made reasonable efforts to exhaust other avenues of obtaining the information without proceeding in trial court on a complaint for discovery.

## V.    Attorney-Client Privilege.

¶35.  The trial court entered its order dated March 22, 2002, allowing the Dealers to conduct their discovery in a timely manner not later than April 8, 2002.  Cleveland, on behalf of Moore, filed a motion for reconsideration on April 1, 2002, raising on objection to the allowance of discovery.  One of the objections raised for the first time in the motion for reconsideration was that "the information sought is protected by the attorney-client, work product and deliberative process privileges."

¶36.  The trial court never specifically addressed the privilege objection raised by the Defendants on reconsideration.   The trial court entered an order dated April 4, 2002, denying the motion for

13

reconsideration and finding that the Court's prior order was a final appealable order. The trial court did not grant a stay of any of the proceedings or discovery. As this Court finds that the complaint for discovery was not proper as discussed in issue IV, this issue is moot.

## CONCLUSION

¶37. This Court finds that venue was not proper in Rankin County. Venue should have been in Hinds County. We further find that the Dealers did not demonstrate that they exercised diligence or reasonable efforts to obtain the information without the need of proceedings on its complaint for discovery. The judgment of the trial court is hereby reversed and rendered.

¶38. **REVERSED AND RENDERED.**

**PITTMAN, C.J., SMITH, P.J., CARLSON AND GRAVES, JJ., CONCUR. COBB, J., CONCURS IN RESULT ONLY. WALLER, P.J., DIAZ AND DICKINSON, JJ., NOT PARTICIPATING.**